## SWIGART vs. McGEE.

Where upon an entire contract for the sale and delivery of personal property, a part is delivered and paid for, the contract is taken out of the statute of frauds; and upon demand and tender of the purchase money for the residue, according to the terms of the contract, and a refusal on the part of the vendor to deliver it, he is liable to an action for damages.

*Error to Crawford Circuit Court.*

Hon. FELIX J. BATSON, Circuit Judge.

JESSE TURNER, for the plaintiff.

Upon a demurrer to the evidence, any inference which the jury might draw therefrom is admitted. See *Bank of the United States vs. Smith*, 11 *Wheat* 175; 6 *Cond. R.* 257.

The entirety of the contract as averred and proven is a question for the consideration of the jury from the testimony. If it was the understanding of the parties that this contract was to be entire, (although capable of divisibility,) the question of entirety was one for the consideration of the jury, and should have been permitted to go to them. *Story on Contracts, page* 800; *Ib.* 24; 2 *Barn. & Cres.* 42; 12 *Mees. & Wels.* 33. If then, the jury, from the testimony, could have arrived at the conclusion that the contract was entire, and so regarded by the parties, the delivery of the one hundred bushels of said three hundred bushels of corn, would have taken the whole out of the statute of frauds.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

This was assumpsit by Swigart against McGee, in the Craw-

ford Circuit Court, upon a contract for the sale and delivery of corn.

The declaration alleges, in substance, that in March, 1855, the defendant bargained and sold to the plaintiff 300 bushels of corn, at one dollar per bushel, to be paid for on delivery at the cribs of the defendant—100 bushels thereof to be delivered in the month of March, and the remaining 200 bushels within one month from the delivery of the first: that defendant, accordingly, at the time of the sale, delivered to the plaintiff 100, and he paid him therefor at the price stipulated: that within the time and at the place agreed upon, the plaintiff was ready to receive, and demanded the delivery of the remaining 200 bushels, but the defendant refused to deliver the same. Appropriate breach, claiming damages for the non-delivery of the 200 bushels.

The case was submitted to a jury, on the general issue, and after the plaintiff closed, the defendant demurred to the evidence, and the parties agreeing that the Court should assess the damages, if the decision of the Court, upon the demurrer, was in favor of the plaintiff, the jury were discharged.

The judgment of the Court was for the defendant, and the plaintiff brought error.

The evidence set out in the demurrer is as follows:

"*Smith*, testified, that in March, 1855, in a conversation between plaintiff and defendant, the defendant acknowledged that he had sold 300 bushels of corn to plaintiff, at one dollar per bushel, to be delivered at his, defendant's crib. That on the same day, defendant delivered to plaintiff, at defendant's crib, on his farm, 100 bushels of corn, for which plaintiff paid him $100. That at the time of the delivery of the 100 bushels, defendant told plaintiff that he wanted him to take away the residue, 200 bushels, as soon as he could, to which the plaintiff replied, that he would take it away as soon as he could, that he did not want all at once, but would take it within a month. That the defendant's corn, at the time of the delivery of the 100 bushels, was in two cribs, one containing about 400, and the other about 600 bushels. That the residue (200 bushels

was not separated or distinguishable from the rest of the corn in the cribs. That about two weeks after the 100 bushels were delivered, and paid for, plaintiff called on defendant, at his residence, and told him that he had come for the 200 bushels of corn, and offered to pay, and at the same time tendered the sum of $200 for it; and that defendant said he had no more corn, but in a few minutes afterwards, offered to let plaintiff have 200 bushels, provided, he, plaintiff, would take it by his, defendant's measure, *which was short*. That plaintiff declined to take the corn by defendant's measure, and went off without getting the corn. That corn was worth $1 per bushel at the time plaintiff got and paid for the 100 bushels, and soon after it advanced to $1 25."

The defendant in error is not represented by counsel here, and we are at a loss to know upon what ground the Court below sustained the demurrer to the evidence.

The contract for the sale and delivery of the 300 bushels of corn was manifestly an entire and not a separate contract. 2 *Parsons on Contracts, sec.* iv, *p.* 29, *and notes.* The delivery of part of the corn, and payment therefor, took the contract out the statute of frauds. *Dig., ch.* 73, *sec.* 2, *p.* 540; 2 *Parsons on Contracts, p.* 320, 321, 324, *and notes.* The plaintiff was entitled to recover damages for the non-delivery of the residue of the corn. It would hardly be insisted that the plaintiff was bound to accept the corn by the defendant's short measure.

The judgment is reversed and the cause remanded, etc.