## Reber *v.* Brownback, Appellant.

*Contract—Written contract—Abandonment—Parol evidence—Evidence.*

It is always competent for the parties to a written contract to show that it was subsequently abandoned in whole or in part, modified, changed, or a new one substituted; and this may be shown by parol, by showing either an express agreement or actions necessarily involving the alterations.

In an action on a parol contract for wiring a theater, the defendants set up a written contract under which the work was to be done for a price much less than that claimed by plaintiff. The plaintiff introduced evidence to the effect that the original plan was wholly inadequate and was radically changed, that the fair cost of the execution of the changed plan was more than three times the contract price; that the defendants knew just what was contemplated by the original contract; that every detail of the changes and alterations was approved by them before the work was done, and that the alterations were so interwoven with the execution of the original plan as to make it difficult, if not impossible, to separate the

items of work and materials that went into each.   It also appeared that the contract price, plus the additional cost for the changes and alterations, amounted to about the sum which the plaintiff claimed.   *Held*, that the case was for the jury and that a verdict and judgment for the whole of plaintiff's claim should be sustained.

Argued Nov. 21, 1904.   Appeal, No. 6, Oct. T., 1904, by defendants, from judgment of C. P. Chester Co., April T., 1903, No. 46, on verdict for plaintiff in case of Mary A. Reber, trading as Reading Electrical Supply and Construction Co. v. Harry I. Brownback and Enos L. Buckwalter.   Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Assumpsit for work done and material furnished and delivered.   Before BUTLER, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,363.29.   Defendants appealed.

*Error assigned* among others was in refusing binding instructions for defendants.

*J. Frank E. Hause*, with him *H. H. Gilkyson*, for appellants.

*Alfred P. Reid*, for appellee, cited: Malone v. R. R. Co., 157 Pa. 430 ; Holloway v. Frick, 149 Pa. 178 ; Bryant v. Stilwell, 24 Pa. 314.

OPINION BY RICE, P. J., March 14, 1905 :

The plaintiff made a written offer, which was accepted by defendants, to wire for electric lighting the defendants' theater.   The paper contained this clause: " The above work we agree to do by the day and material, and the approximate cost of the same will not be more than $337.   We further agree to itemize all material used and labor and will try to make the work cost as little as possible, giving the above parties the benefit, should it be lower in cost."   The amount of wiring and the details of the work contemplated were not fully set forth in the paper but were shown by parol.   The defendants' con-

tention was that, although additional work and materials were done and furnished, the plaintiff could not ignore the written contract and recover for the whole on a quantum meruit, but that the defendants were liable only for the contract price, with whatever was a proper charge for the fixtures and extra wiring not contemplated when the original contract was made. The plaintiff presented her case on the trial upon the theory that the original contract was abandoned by both parties, and in support of this theory it is contended that subsequently to the execution of the paper the scheme and extent of lighting were most radically changed with the approval of the defendants, so that an entirely different as well as more extensive and expensive character of wiring was required and done than that covered by the paper. The court charged, that if that was established, then a new undertaking was proved entirely different from that contemplated by the paper, and the plaintiff would be entitled to recover what the work done and materials furnished were worth. The legal proposition involved in the foregoing instructions is not seriously controverted by the defendants' counsel, but they insist with great earnestness that there was no evidence to justify the submission of the question of fact to jury. On the other hand plaintiff's counsel argue that there was evidence to warrant the jury in finding that the original plan was wholly inadequate and was radically changed; that the fair cost of the execution of the changed plan was more than three times the contract price; that the defendants knew just what was contemplated by the original contract; that every detail of the changes and alterations was approved by them before the work was done; and that the alterations were so interwoven with the execution of the original plan as to make it difficult, if not impossible, to separate the items of work and materials that went into each. It is thus seen that the main controversy is as to the facts which the jury could find, and the inferences they could draw therefrom as to the understanding and intention of the parties. A proper determination of this controversy required, as the defendants' counsel correctly say, a critical examination and analysis of the testimony, and this we have made. But whilst we appreciate the force of their argument based on the extracts from the testimony printed in their brief, we are not convinced from a review of the

testimony as a whole that it was insufficient to warrant the submission to the jury of the question, whether or not the written contract, at least so far as the price of wiring the building was concerned, was annulled by mutual consent. On the contrary this seems to us to have been warranted by the closely analogous precedent furnished in Green v. Paul, 155 Pa. 126. See also Malone & Son v. Phila. & Reading R. R. Co., 157 Pa. 430. It is well settled that the evidence that a written contract has been abandoned and terminated may be supplied by the conduct and acts of the parties as well as by their words: 1 Beach on Contracts, 943. "It is always competent for the parties to a written contract to show that it was subsequently abandoned in whole or in part, modified, changed, or a new one substituted. And this may be shown by parol, by showing either an express agreement, or actions necessarily involving the alterations:" Holloway v. Frick, 149 Pa. 178.

But assuming for the sake of the argument that the defendants' theory is correct, namely that they were liable only for the contract price with whatever was a proper charge for the fixtures and extra wiring not contemplated when the original contract was made, we think the learned judge has quite clearly shown that the result of the trial must have been the same. He says: "If the work as done could have been accurately divided into what was covered by the contract, and what was extra, and the plaintiff had sued on the contract, the jury would have had before it practically the same issue under the same evidence as was presented in the case as tried. The plaintiff testified, and it was not contradicted, that all of the work and materials contemplated under the written agreement could have been done and furnished for the $337 therein named, and the plaintiff recovered its verdict here, because the jury were satisfied that the job as done was worth $853.83 more than the $337, or $1,190.83, and that the defendants authorized this increase in the costliness of the job. It follows that the defendants were at no practical disadvantage by reason of the plaintiffs not suing on the written contract, and for extras. As already stated, the defendants did not question the actual value of the wiring, did not deny that it was worth $1,190.83. They could scarcely hope to escape the payment of this sum by standing on a contract, which on its face contemplated only $337 worth of wir-

ing, whether sued as they were here, or on the contract and for extras."

Looking at the case from either standpoint we find no error in the record which would justify a reversal of judgment. All the assignments of error are overruled and the judgment is affirmed.