# Flannery *v.* Wessels, Appellant.

*Contracts—Consideration—Sales—Contract for sale of stock—Breach—Measure of Damages.*

1. The ordinary rule for the measure of damages in a suit brought by the vendor against the vendee for a breach of contract for the sale of personal property is the difference between the contract price and the market price at the time and place of delivery, but where the property has no market value the measure of damages is the price which the defendant agreed to pay.

2. In an action to recover damages for the breach of defendant's agreement to purchase the plaintiff's stock, a verdict for the contract price of the stock will be sustained where it appears that the stock had been previously purchased by the plaintiff from defendant and that two months thereafter defendant in a letter stated to plaintiff that he had sold the stock with the understanding that he, the defendant was to control and manage the corporation, and that "as I have been forced to relinquish the control and management of the company, I consider myself obligated to you to repurchase this stock from you at the price you paid for it, plus six per cent. interest, and I hereby agree to do so unless I can cause the United Stores Association to refund your subscription within three months from this date"; that the letter was delivered to, accepted by, and retained by plaintiff and that defendant thereafter refused to repurchase plaintiff's stock when tendered, and that the stock had no market value.

3. In such case the mutual promises of the parties to sell and purchase the stock were a sufficient consideration to support the agreement.

Argued Jan. 21, 1914. Appeal, No. 184, Jan. T., 1914, by defendant, from judgment of C. P. No. 2, Philadel-

**322**     FLANNERY *v.* WESSELS, Appellant.

phia. Co., March T., 1912, No. 254, on verdict for plaintiff in case of Edward P. Flannery v. Charles M. Wessels. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Assumpsit for breach of contract for the purchase of stock from plaintiff. Before BARRATT, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,538.33 and judgment thereon. Defendant appealed.

*Errors assigned,* were various rulings on evidence, various instructions to the jury, the refusal of the court to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*Elton J. Buckley,* for appellant.

*William A. Carr,* with him *W. Horace Hepburn,* and *Sidney L. Krauss,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, March 2, 1914:

It is difficult to determine from the evidence on what theory this case was tried, whether as an action for deceit or for damages for the breach of a parol contract for the sale of stock. On either theory, much of the evidence was irrelevant and incompetent. There was however, sufficient competent evidence to sustain the verdict which was clearly right. The action was assumpsit to recover damages for the alleged violation of a contract for the purchase of stock of a certain corporation by the defendant from the plaintiff. There are fourteen assignments of error. Some of the assignments have no exceptions to sustain them and many are in violation of the rules of court and cannot be considered. The controlling questions in the case are whether there was any consideration to support the agreement to purchase the

stock and what, under the undisputed evidence, was the correct measure of damages.

The defendant sold to the plaintiff $5,000 worth of preferred stock in the United Stores Association, and for it and $10,000 worth of common stock as a bonus he was paid $5,000 in cash. About two months after the sale of the stock, the defendant addressed a letter to the plaintiff in which he stated that he had sold the stock to the plaintiff for the price named with the understanding that the writer was to control and manage the corporation, and concluded as follows: "As I have been forced to relinquish the control and management of the company, I consider myself obligated to you to repurchase this stock from you at the price you paid for it plus six per cent. interest, and I hereby agree to do so unless I can cause the United Stores Association to refund your subscription within three months from this date (June twenty-ninth, 1911)." This letter was delivered to and retained by the plaintiff. The United Stores Association failed to refund the subscription and at the expiration of three months the plaintiff called upon the defendant, tendered the stock and demanded payment therefor in accordance with the stipulation in the letter. The defendant having declined to pay, this action was brought which resulted in a verdict and judgment for the plaintiff for five thousand dollars and the interest thereon. The defendant appealed.

The letter contains an agreement on the part of the defendant to repurchase the stock. It was accepted by the plaintiff and the contract for the sale and the purchase of the stock was thus consummated between the parties. It was not necessary for the plaintiff to agree in writing to sell. His acceptance and retention of the letter of the defendant under the circumstances were amply sufficient to warrant the inference of his agreement to sell. As additional evidence of his agreement to sell, he offered to perform his implied part of the agreement by tendering to the defendant the stock, and de-

manded that the defendant comply with his part of the contract. There was, therefore, a contract between the parties containing reciprocal obligations enforceable against each of the parties. The mutual promises of the parties to sell and purchase the stock were a sufficient consideration to support the agreement: Flannery v. Dechert, 13 Pa. 505; Carrier v. Dilworth, 59 Pa. 406.

The price agreed to be paid by the defendant for the stock was the correct measure of damages under the circumstances disclosed by the evidence. The ordinary rule for the measure of damages in a suit brought by the vendor against the vendee for a breach of contract for the sale of personal property is the difference between the contract price and the market price at the time and place of delivery. On the failure of the vendee to accept and pay for the property, the vendor may sell it in the market for the best price that can be obtained, and recover the difference between the amount thus obtained and the contract price. That rule, however, will not be enforced in cases like the present where the stock before the time of delivery has become worthless. The law does not require a vain thing, and therefore the vendor is not required to go into the market and offer the stock for sale when it is of no value and could not be sold. In such cases, the measure of damages is the price agreed to be paid for the stock: Mobley v. Morgan, 8 Sadler 105. That was an action to recover damages where the purchaser had refused to accept and pay for the stock which he had agreed to buy. It being conceded that the stock was not readily marketable, the court instructed the jury that the plaintiff was not obliged to sell and sue for the difference, but that they might consider the contract price with interest from the date of the breach, as the amount of the damages. In affirming the judgment, Mr. Justice GREEN, after stating that the measure of damages was the difference between the market price of the stock at the time of the breach and the contract price, said: "This is the ordinary rule; but there was

evidence that the stock had no value, and there is no certainty, indeed no proof, that upon a resale any price could have been obtained for the stock, or that it had any market value when Parker (the purchaser) finally refused to take it. In these circumstances we see no reason why the price agreed to be paid should not be adopted as the measure of damages if that was the only mode by which full compensation could be made for the breach of contract by the purchaser."

The judgment is affirmed.