# Himeles, Appellant, *v.* Rose.

*Evidence—Contracts—Parol modification.*

In an action of assumpsit to recover damages for refusal to perform certain conditions of a written contract, the case is for the jury, where the issue is one of fact as to the subsequent modification of the instrument by a mutual parol agreement.

In such case, it is always competent for the parties to a written contract to show that it was subsequently abandoned, in whole or in part, modified, changed or a new one substituted, and this may be shown by parol, by proving either an express agreement, or actions necessarily involving the alterations.

Mutual unexecuted undertakings of an existing contract are a sufficient consideration for the cancellation of such contract and the substitution of a new one with different terms.

Argued October 16, 1924. Appeal, No. 87, Oct. T., 1924, by plaintiff, from the judgment of the Municipal Court of Philadelphia, Nov. T., 1923, No. 898, discharging rule for judgment for want of a sufficient affidavit of defense, in case of David Himeles v. Maurice Rose. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on a written contract. Before WALSH, J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense. The court discharged the rule. Plaintiff appealed.

*Error assigned* was the decree of the court.

*Lionel Teller Schlesinger,* for appellant.

*Samuel J. Gottesfeld,* for appellee.

OPINION BY HENDERSON, J., February 27, 1925:

The court refused to enter judgment for want of a sufficient affidavit of defense; hence this appeal. The action is assumpsit for damages resulting from the alleged refusal of the defendant to perform that part of an agreement in writing for the sale of a certain parcel of real estate in Philadelphia, by the defendant to the plaintiff, wherein the former agreed to procure a mortgage on the premises for the plaintiff without cost to him, for the sum of $8,000, payable in three years. This the defendant did not do, because of which default the plaintiff was subjected to the expense of $378.50 to procure an extension of the time of payment on a mortgage of like amount recorded against the property sold by the defendant to the plaintiff. It is for this amount the plaintiff asked judgment. Two defenses are presented in the affidavit.

First, a subsequent modification of the agreement of sale as follows: After making the agreement for the sale of the property, the defendant informed the plaintiff that he had found it impossible because of the state of the mortgage market to secure a first mortgage in the sum of $8,000 against the premises sold, by reason of which he offered to return to the plaintiff his deposit money and to cancel the agreement of sale, and further that he offered to pay the plaintiff $1,500 if the latter

would release him from his liability under the contract to make the conveyance; that the plaintiff refused to cancel the agreement or to accept the said sum of $1,500, whereupon it was verbally agreed between the plaintiff and defendant, prior to February 16, 1923, that the plaintiff would accept the premises subject to the then existing mortgage of $8,000, and that the defendant would convey said premises to the plaintiff subject to the then existing mortgage; that the plaintiff would waive the requirement in the agreement of sale that the defendant procure a new first mortgage for the sum of $8,000; that in reliance on said parol agreement and in conformity therewith, the plaintiff and defendant met at the office of the title company on February 15, 1923, and consummated the sale of the premises and that all figures were adjusted on the basis that the plaintiff take the property subject to the then existing $8,000 mortgage; that the deed from defendant to plaintiff specifically conveyed the premises subject to the said mortgage, and that on the day last above stated all matters, disputes and differences between the plaintiff and defendant were settled, ended and adjusted by the conveyance of said premises by defendant to plaintiff and that the payment of the balance of the consideration money on the adjusted figures was made by plaintiff to defendant:

Second, that by reason of the delivery and acceptance of the conveyance for the land, subject to the then existing mortgage thereon and the payment of the balance of the purchase money by the plaintiff to the defendant, the agreement for the sale of the land was merged in the conveyance, and that an action will not lie for an alleged breach of the original agreement.

It is a settled law that it may be shown by parol that a written contract was subsequently modified or abandoned, and this may also be shown by the conduct and acts of the parties: 1 Beach on Contracts 943. The law is thus stated in Holloway v. Frick, 149 Pa. 178: "It is always competent for the parties to a written contract to

show that it was subsequently abandoned in whole or in part, modified, changed, or a new one substituted, and this may be shown by parol, by showing either an express agreement, or actions necessarily involving the alterations."   To the same effect are Germantown Dairy Co. v. McCallum, 223 Pa. 554; Grace Contracting Co. v. N. & W. Ry. Co., 259 Pa. 241.   The appellant while not contending that the law is otherwise, asserts that the contract set up was without consideration and therefore of no effect, but it is clear that if the transaction between the parties was as alleged by the defendant, the consideration for the agreement was the mutual obligation of the parties thereunder.   The mutual unexecuted undertakings of an existing contract are a sufficient consideration for the cancellation of such contract and the substitution of a new one with different terms: Dreifus v. Salvage Co., 194 Pa. 475; Flannery v. Wessels, 244 Pa. 321; Flagal v. Hoover, 156 Pa. 276; Producers Coke Co. v. Hoover, 268 Pa. 104.   If the modification of the contract took place as the defendant alleges, the mutual acceptance of the modification was a sufficient consideration.

In view of the foregoing conclusion, it is unnecessary to consider the other branch of the defense presented in the affidavit.

The judgment is affirmed and the record remitted for further proceeding.