## Popper et al. *v.* Rosen, Appellants.

*Contracts—Sale—Examination of goods—Act of May 19, 1915, P. L. 543 — Affidavit of defense — Contemporaneous agreement — Fraud, accident, etc.—Delivery—Reasonable time.*

1. A purchaser of goods cannot rescind the contract of sale on the ground that he had no opportunity to examine the goods shipped to him, where it appears that he never sought nor was ever refused the privilege of such examination.

2. In an action for balance of purchase money of goods, an affidavit of defense is insufficient which sets up a contemporaneous agreement with the written order for the goods, to the effect that defendant was not to accept them until a date stated, where there is no averment of fraud, accident or mistake.

3. Where a written order specifies that the seller could deliver the goods on any day after a date stated, delivery must be within a reasonable time, and neither party, certainly not the purchaser, can claim a year's delay.

4. A claim that the freight, which the purchaser was to pay, was more than the contract specified, is no ground for rejecting the shipment, inasmuch as the excess freight can be deducted from the purchase price.

5. If, in such case, the excess of freight was not given as a reason for refusing the shipment, it cannot be interposed as a defense in an action for the purchase price of the goods.

*Contracts — Sale — Delivery —Carrier—Title—Agent—Suit for price.*

6. Delivery of goods to a carrier, pursuant to a contract of sale, is a delivery to the vendee sufficient to pass title to the goods, and the carrier at once becomes the agent of the vendee.

7. Such rule is not changed by the fact that the bill of lading was taken in the shipper's name and forwarded to the consignee with instructions to the carrier to make delivery to him.

8. Nor is the rule changed by the fact that after the purchaser's refusal to accept the goods, the seller placed them in storage subject to the purchaser's order.

9. In all such cases, where the purchaser refuses to accept the goods, the seller may, under the Act of May 19, 1915, P. L. 543, maintain an action for the price of the goods.

Argued January 4, 1928. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 107, Jan. T., 1928, by defendant, from order of C. P. No. 3, Phila. Co., March T., 1927, No. 15873, making absolute rule for judgment for want of sufficient affidavit of defense, in case of Edwin S. Popper and Emil L. Popper, copartners in business under the firm name of Leo Popper & Son v. Frank Rosen, trading as Victory Lamp Co. Affirmed.

Assumpsit for balance of purchase price of goods. Rule for judgment for want of sufficient affidavit of defense. Before Ferguson, J.

The opinion of the Supreme Court states the facts.

Rule absolute. Defendant appealed.

*Error assigned,* inter alia, was order, quoting it.

*Samuel E. Kratzok,* for appellant.—A parol contemporaneous agreement is admissible to explain such terms of a written contract which are indefinitely or vaguely stated therein: Gianni v. Russell & Co., 281 Pa. 320; Fenner v. Smyth, 62 Pa. Superior Ct. 538; Kerr v. McClure, 266 Pa. 103; Gelber v. Bank, 53 Pa. Superior Ct. 155; Nye v. Pittsburgh Co., 2 Pa. Superior Ct. 384; Real Est. Title Co.'s App., 125 Pa. 549; Bartley v. Phillips, 165 Pa. 325; Foster v. McGraw, 64 Pa. 464.

A written contract may be abandoned or modified in whole or in part by subsequent parol agreement of the

parties; and especially so where such subsequent parol agreement is based on a valid consideration: Producers Coke Co. v. Hoover, 268 Pa. 104; Himeles v. Rose, 84 Pa. Superior Ct. 363.

A vendor who wilfully disaffirms a provision of a written contract cannot sue in affirmance of said contract: Norris v. Clark, 29 Pa. Superior Ct. 562; Shaw v. Turnpike, 2 P. & W. 454; Martin v. Shoneberger, 8 W. & S. 368; Pallman v. Smith, 135 Pa. 188; Fisher v. Mershon, 9 Pa. Superior Ct. 238; Gillespie Tool Co. v. Wilson, 123 Pa. 19; Hartman v. Meighan, 171 Pa. 46; Fairfax v. Feingold, 273 Pa. 72.

Where the contract is one of sale and not of manufacture, the vendor cannot maintain an action for the price but is limited to an action for damages for nonacceptance, where the vendee refuses to accept and pay for the merchandise.

*C. Wilfred Conard,* of *Conard & Middleton,* for appellee, cited: United Fruit Co. v. Bisese, 25 Pa. Superior Ct. 170; Emerson Shoe Co. v. Gruski, 86 Pa. Superior Ct. 296; Gianni v. Russell, 281 Pa. 320.

OPINION BY MR. JUSTICE WALLING, January 23, 1928:

On October 7, 1926, the defendant, Frank Rosen, of Philadelphia, gave Leo Popper & Son, of New York, a written order for 100 cases 45 Cathedral glass, of which ten cases were to be shipped at once and the balance, a carload, after January 1st. The ten cases were received and paid for but on January 12, 1927, defendant wrote plaintiffs asking for modification of the contract, including a special privilege of examination of the carload on arrival, for an extended credit as to payment, etc. Plaintiffs at once replied declining to grant any change in the contract and, on March 8, 1927, shipped the carload and tendered delivery thereof to defendant. The latter refused to accept and, to this suit, brought for

the contract price, filed an affidavit of defense, which the trial court held insufficient, and defendant has appealed.

The averments in the affidavit were insufficient to prevent judgment. Under section 47 of the Sales Act of May 19, 1915, P. L. 543, 556, defendant was entitled to examine the contents of the car before accepting the glass, but he never sought to do so. Defendant's letter of January 12, 1927, was not confined to a request for an examination but embraced other conditions, so its rejection as a whole could not be construed as a refusal of the statutory right of examination. As defendant failed to set out a copy of his letter we cannot adopt his construction of the correspondence. The affidavit avers that some of the ten cases of glass were imperfect and, in response to defendant's complaint, plaintiffs' agent promised that all future shipments would be of glass of even thickness and regular color and that defendant would be given a reasonable opportunity to sort out and examine the glass to ascertain whether it conformed to the contract. The defect of this averment is an entire absence of any suggestion that the car lot of glass was not of even thickness and uniform color, or that defendant ever sought, or was refused, the privilege of its examination. While parties may modify a written contract by parol, there is no sufficient averment here that they did do so.

The affidavit avers that contemporaneous with the written order there was a parol agreement that defendant need not accept the carload of glass until the end of December, 1927. There is no averment of fraud, accident, or mistake; hence, so far as the alleged oral agreement conflicts with the writing, it cannot be given effect. See Gianni v. Russell & Co., Inc., 281 Pa. 320. The instant case forms no exception to the rule stated in the case just cited and in other recent cases. Under the written order plaintiffs could deliver the glass on any day after January 1, 1927, and doubtless were required

to do so within a reasonable time; neither party, certainly not the defendant, could claim a year's delay.

The affidavit further avers that the freight, which admittedly defendant was to pay, was more than the contract specified. If so, that afforded no ground for rejecting the shipment; but the excess could have been deducted when paying for the glass. To that extent there may have been an error in liquidating the judgment; but if so, as the weight of the shipment is not given, we cannot correct it. In any event the question of freight rates was not given as a reason for refusing the shipment and, therefore, cannot be interposed as a defense. See Haney v. Hatfield, 241 Pa. 413, 416; W. & A. Pipe Lines v. Insurance Co., 145 Pa. 346; Niagara F. Ins. Co. v. Miller, 120 Pa. 504; United Fruit Co. v. Bisese, 25 Pa. Superior Ct. 170.

Appellant's final contention is that any remedy plaintiffs may have is an action for damages for breach of contract and not one for the price of the goods. The contract provided that the glass should be delivered through a carrier; therefore delivery to the carrier was a constructive delivery to the defendant and vested the title in him. "The general rule is that a delivery of goods to a carrier, pursuant to a contract of sale, is a delivery to the vendee sufficient to pass title to the goods, and the carrier at once becomes the agent of the vendee": New York & Penna. Co. v. Cunard Coal Co., 286 Pa. 72, 78; Pittsburgh P. & P. Co. v. Cudahy Packing Co., 260 Pa. 135, 139; and see Dentzel v. Island Park Association, 229 Pa. 403; Uniform Laws, Annotated (vol. 1), p. 104, 106. This is not changed by the fact, as in this case, that the bill of lading was taken in shipper's name and forwarded to consignee with instructions to the carrier to make delivery to him. See cases cited in Uniform Laws, Annotated (vol. 1), Supplement, page 62. Nor is the rule changed by the fact that after the defendant's refusal to accept the goods plaintiffs placed them in storage subject to his order. The title

to the glass being in defendant, plaintiff may recover the contract price. Section 63 of the Sales Act, supra, p. 561, provides: "Where, under a contract to sell or a sale, the property in the goods has passed to the buyer, and the buyer wrongfully neglects or refuses to pay for the goods according to the terms of the contract or the sale, the seller may maintain an action against him for the price of the goods." See also Williston on Sales (vol. 1), p. 602; Ibid. (vol. 2), p. 1398; Uniform Laws, Annotated (vol. 1), p. 208. There are cases, for example, when articles without market value are made on a special order, in which the vendor may recover the contract price, although the title has not passed to the vendee. See Flannery v. Wessels, 244 Pa. 321.

Defendant filed one supplemental affidavit of defense and the record fails to show any request for leave to file another; hence, there is nothing upon which to base the complaint that the trial court therein committed error.

The judgment is affirmed.