**DU BOIS v. ZIMMERMAN et al.**

Circuit Court of Appeals, Third Circuit.
September 20, 1928.

No. 3802.

James B. Avis, of Woodbury, N. J., for appellant.

Frank E. Paige, of Philadelphia, Pa., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. Josiah E. Du Bois engaged by written contract to sell and convey unto Alice G. Zimmerman and Ida Gleim a certain property situate in the city of Woodbury and state of New Jersey at an agreed valuation in consideration of one dollar and more particularly in consideration of the sale and conveyance by them unto him of certain properties in Florida at an agreed valuation, the women purchasers of the Woodbury property to give Du Bois a mortgage for a named sum secured thereby and free the Florida properties of existing liens and create against certain of them a new mortgage for a stated sum, failure on their part to create such mortgage or to perform any other term of the agreement worked its termination "at the option" of Du Bois. Disagreements followed, Du Bois rescinded the contract and Zimmerman and Gleim filed against Du Bois a bill for specific performance on which, after hearing, the District Court entered a decree that Du Bois specifically perform his part of the contract by conveying the Woodbury property unto the vendees. Du Bois appealed and has raised three questions:

The first, whether he was induced to exe-

cute the written agreement by fraudulent representations as to the value of the Florida properties, we resolve against him without reciting the supporting testimony; the second and third, whether the written contract can be modified or changed by antecedent, concurrent or subsequent oral agreements between the parties and proved by parol evidence and whether Du Bois had a right to rescind the contract by reason of Zimmerman's and Gleim's failure to create the new mortgage against the Florida properties and do other things required by its terms.

On the questions as framed the parties argued familiar law that all agreements reached in negotiations are presumed to be embodied in the writing into which they have subsequently entered and that understandings not embodied in the writing cannot be added to the agreement by parol evidence although admittedly the parties may, by mutual action and for sufficient consideration, modify its terms as often as they desire. Producers Coke Co. v. Hoover, 268 Pa. 104, 110 A. 733. But after a critical study of this record we are satisfied there are no such questions of law in the case because the matters claimed as breaches of the contract or as improperly proved by parol had nothing to do with the main terms of the agreement affecting the trade. It had to do with preparing papers and creating the mortgage. These under the agreement were undertakings by Zimmerman and Gleim, but evidently they convinced the trial court and certainly they have convinced this court that Du Bois, who was a real estate broker, had, whether or not he was aware of the legal effect, persuaded them to let him draw the papers and otherwise perform certain of their parts of the written contract, for which he charged them a fee of $270. Therefore we decide this appeal against Du Bois, not on the existence and admission in evidence of contemporaneous oral agreements, but on the ground that subsequently to the written agreement he persuaded the two women not to perform certain of their undertakings by promising that he would attend to them—for a consideration. In this way, unconsciously perhaps, he induced them to breach their contract. Clearly he cannot now take advantage of his own technical wrongdoing. In other words, he cannot take advantage of breaches by other parties which he himself brought about.

The decree for specific performance is affirmed.