209 Pa. Superior Ct. 120 (1966)
Rozmus
v.
Thompson's Lincoln-Mercury Co., Appellant.
Superior Court of Pennsylvania.
Argued November 14, 1966.
December 16, 1966.
*121 Before ERVIN, P.J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.
Emil W. Herman, with him Frank Reich, and Rothman, Gordon, Foreman and Reich, for appellant.
Homer W. King, with him Francis V. Sabino, for appellee.
*122 OPINION BY MONTGOMERY, J., December 16, 1966:
The basic issue in this case is whether appellee-plaintiff had the right to revoke his acceptance of a new Mercury automobile which he had purchased from appellant-defendant. If he did not have such right this action for the value of his old car used as a credit on the purchase price of the new one must fail.
On Saturday, June 22, 1963, plaintiff signed an agreement to purchase the automobile for cash. He paid $50 as a down payment, delivered to defendant his old Chevrolet automobile with the title thereto properly endorsed for which he was to receive a credit of $461.50 on the new automobile, and promised to pay the balance in cash in five days. However, he selected the automobile he desired from defendant's showroom and took delivery of it the same evening.[1] While driving the automobile home that evening he noticed smoke coming from the exhaust and that the car made a loud, banging and thumping sound. Plaintiff immediately called the defendant's salesman and, as it was Saturday, was told to bring the car in on Monday. In accordance with this request plaintiff returned the car to the defendant on Monday. Tuesday evening he called for it but upon driving it ascertained that the loud banging and thumping noise persisted. Plaintiff immediately returned the car and sought out Mr. L.W. Stewart, the defendant's vice president and general manager, who confirmed the trouble in a test drive.
Mr. Stewart and the plaintiff then returned to the garage whereupon Mr. Stewart instructed a mechanic to place the car upon a rack and to see what was *123 causing the noise. Before the mechanic could correct the source of the trouble, which turned out to be two loose engine mounting bolts allowing a misalignment of the drive shaft to occur, the plaintiff told Mr. Stewart he wanted another car or the return of the one he had traded in. His demands not being met he left without taking the new automobile with him. The Mercury automobile was fully adjusted within a few minutes by defendant, but plaintiff never returned for it. Forty-five days later, after due notice to the plaintiff, it was repossessed by a finance company to which the conditional sales contract had been sold.
Soon after leaving the new automobile with the defendant plaintiff brought an action before a Justice of the Peace for the sale price of the traded Chevrolet car, $461.50. Judgment having been entered by the Justice of the Peace for the plaintiff, an appeal was taken by the defendant to the County Court of Allegheny County and the case thereafter came to trial before Judge CHARLES D. McCARTHY without a jury. Judge McCARTHY rendered a decision in defendant's favor. Subsequently, in ruling on exceptions filed by plaintiff, a court en banc consisting of three judges, which included Judge McCARTHY, reversed this decision and granted a new trial. This appeal followed.
The law on the issue before us is found in Section 2-608 of the Uniform Commercial Code, Act of 1953, P.L. 3, 12A P.S. § 2-608, which provides that a buyer may revoke his acceptance of goods received if its "non-conformity substantially impairs its value to him." There is no doubt that the plaintiff accepted this new automobile. He executed the conditional sales contract which provided that he acknowledged the acceptance of the Mercury in good order, and he drove it from the showroom to his home. Section 2-606 of the Uniform Commercial Code, 12A P.S. § 2-606, provides that acceptance takes force when the *124 buyer either signifies his acceptance to the seller or does an act inconsistent with the seller's ownership.
The reason why "a substantial impairment of value" must take place before a revocation under Section 2-608 may take force is to preclude revocation for trivial defects or defects which may be easily corrected. See Popper v. Rosen, 292 Pa. 122, 140 A. 774 (1928); H.O. Wilbur & Sons, Inc. v. Lamborn, 276 Pa. 479, 120 A. 478 (1923), wherein rescission was denied for trivial breaches under the Sales Act of 1915, P.L. 543, which contained no qualification as to "substantial impairment".
It seems clear from reading said Section 2-608 that revocation of an acceptance of delivery is now permissible only if the non-conformity substantially impairs the value of the article which has been accepted either (a) on the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or (b), without discovery of such nonconformity the acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances. In the present case the plaintiff did not discover the non-conformity before he accepted the automobile as no opportunity to drive it before acceptance was afforded him, and he accepted on the basis of the usual warranties (assurances) which are part of new car sales.
If we review the evidence in the light most favorable to the defendant, giving it the benefit of all reasonable inferences therefrom by reason of the original decision of Judge McCARTHY being in its favor, we would be justified in concluding that the defect did not substantially impair the value of the automobile. However, in the light of the action of the court en banc in which trial Judge McCARTHY joined, it appeared that this factor of the case was not considered. The learned court en banc erroneously concluded that *125 plaintiff had the right of revocation regardless of the nature of the defect in the car's structure or its effect on the value of the automobile. It also erred in stating that the defendant agreed to the return of the automobile. The only evidence in the case concerning the defect or non-conformity is, that due to an improper adjustment of the engine supports the drive shaft was moved out of line, which caused a bumping or thumping noise when the rear seat was fully occupied. When the cause was determined it was remedied within a few minutes by defendant's mechanic. We find nothing in the record to justify a finding that defendant agreed to accept the return of the automobile. The evidence is to the contrary, and indicates that plaintiff abandoned the automobile when he left it in defendant's repair shop.
The effect of the order entered by the court en banc in the light of its opinion is to recognize plaintiff's claim as valid subject to a possible counterclaim by defendant for a commission due it under the contract for the resale of plaintiff's old car. The new trial is limited to a determination of the propriety and amount of the counterclaim. This is not justified by this record. However, since the effect of the defect on the value of the automobile was not decided, a new trial is proper to decide that issue. Therefore, we shall affirm the order of the lower court in granting a new trial but shall order it to be a general new trial consistent with this opinion.
Order affirmed but the new trial shall be on all issues and consistent with this opinion.
ERVIN, P.J., and WRIGHT, J., would affirm on the opinion of the court below en banc.
NOTES
[1] It appears that he also signed a conditional sales agreement which stipulated that he was to make one payment of the entire balance by June 30, 1963. It is reasonable to assume that he signed this as security to enable him to receive delivery of the automobile before he had made payment in full for it.