Filed June 24, 1893.

———————◆———————

No. 538.

## LINCOLN v. RAGSDALE.

WARRANTY.—*Nature of.*—*Breach of.*—*How Pleaded.*—A warranty in a sale of goods is a collateral undertaking forming part of the contract of sale, and in pleading as a warranty a statement on the part of the seller, it should be made to appear as an undertaking which entered into and became part of the contract of sale.

SAME.—*Essential Elements.*—Where representations are relied upon as a warranty, it must be shown that the vendor intended that they should be relied upon, or that they were made for the purpose of inducing the vendee to purchase, and that he was induced thereby to purchase, or that they were made as part consideration of the contract.

From the Lawrence Circuit Court.

*J. Giles*, for appellant.

*G. O. Iseminger*, for appellee.

BLACK, J.—To the complaint of the appellee against the appellant, a demurrer for want of sufficient facts was over-ruled. The complaint alleged, in substance, that on, etc., the appellee purchased of the appellant a certain jack, then owned by the appellant, for the price of three hundred dollars, and paid the appellant that amount by delivering to him certain chattels described, valued by the parties at the time at the sum of three hundred dollars; that at the time of the purchase the appellee represented to the appellant "that he desired said jack for breeding purposes, and intended making the ensuing season with said jack"; that at the time of said purchase the appellant represented, to the appellee, "said jack to be a ready coverer and sure foal-getter"; that the appellee, wholly and fully relying on the appellant's representations so made, purchased said jack from the appellant as aforesaid, when, in truth and in fact, said representations so made by the appellant were false, and the appellant at the time of the making thereof well knew said jack was not a ready coverer and sure foal-getter, and that he was worthless, and that said representations were false and fraudulent, and that the appellee "has been damaged on account of said purchase in the sum of four hundred dollars," etc.

No argument is needed to show that the complaint did not contain statements necessary to set forth a cause of action for fraud. It was treated in the court below as a complaint upon a warranty.

A warranty in a sale of goods is a collateral undertaking forming part of the contract of sale. In pleading as a warranty a statement on the part of the seller, it should be made to appear as an undertaking which entered into and became part of the contract of sale.

It is not alleged that the appellant warranted the animal, or shown that the representation alleged to have

been made by him at the time of the sale was part of the contract.

It is said that his representation was relied upon by the appellee, but it is not stated that the appellant intended that it should be relied upon, or that he made it for the purpose of inducing the appellee to purchase, and that he was induced thereby to purchase, or that it was made in consideration that the appellee would buy; it is not shown that it became a part of the agreement of the parties.

If it was intended to declare upon an implied warranty, it is not shown that the animal was purchased for a particular purpose, or that he was sold to be used for a particular purpose, or that it was agreed that he was fit for a particular purpose; and we are not called upon to decide here whether or not if a jack be purchased for breeding purposes, and to be used in the next season, and the seller have knowledge of such intent, an implied warranty will thereupon arise that the jack is "a ready coverer and a sure foal-getter."

The pleading does not properly state a breach of warranty. It is alleged that the appellant's representations were false, and that he knew that the animal was not a ready coverer and sure foal-getter, and that he was worthless, and that the representations were false and fraudulent. It is not stated that the jack was not a ready coverer, or that he was not a sure foal-getter, or that he was worthless.

A complaint should contain a statement of the facts constituting the cause of action, in plain and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended. R. S. 1881, section 338.

The defendant should be apprised, by the complaint, as to the state of facts upon which the plaintiff expects to

rely, so that proper preparation may be made for the defense.

The judgment is reversed, and the cause is remanded, with instruction to sustain the demurrer to the complaint.

