## THE SUPREME LODGE, KNIGHTS OF PYTHIAS, *v.* MEYER.

### ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 234. Argued April 28, 1905.—Decided May 29, 1905.

A certificate of insurance on the life of a member residing in New York in a mutual association was executed by the officers in Illinois; it provided that it should first take effect as a binding obligation when accepted by the member, and the member accepted it in New York. It contained a provision that it was to be null and void in case of suicide of insured and also one waiving all right to prevent physicians from testifying as to knowledge derived professionally. After the insured died the association defended an action brought in New York on the ground of suicide and claimed that §§ 834, 836, N. Y. Code Civil Procedure, under which the court excluded testimony of physicians in regard to condition of deceased, were inapplicable because the policy was an Illinois

contract and also because in view of the waiver in the certificate their enforcement impaired the obligation of the contract. *Held,* that:

The general rule is that all matters respecting the remedy and the admissibility of evidence depend upon the law of the State where the suit is brought.

Under the circumstances of this case the contract was a New York contract and not an Illinois contract.

As §§ 834, 836, of the N. Y. Code of Civil Procedure, were enacted prior to the execution of the contract involved, they could not impair its obligation.

In cases of this nature this court accepts the construction given by the courts of the State to its statutes, and even if under § 709, Rev. Stat., this court could review all questions presented by the record, the judgment should be affirmed.

THE facts are stated in the opinion.

*Mr. Carlos S. Hardy* and *Mr. Lawrence G. Goodhart* for plaintiff in error:

The terms of the certificate, the laws and rules of the association, together with the application for membership, constitute the contract which existed between the member and the society. *Sabin* v. *Phinney,* 134 N. Y. 143; *Hellenberg* v. *District No. 1,* 94 N. Y. 580; *Sanger* v. *Rothschild,* 123 N. Y. 577; Niblack on Mut. Ben. Societies, § 166; *Grossman* v. *Supreme Lodge,* 13 St. Rep. 592; *Fullenwider* v. *Royal League,* 180 Illinois, 625.

It was, therefore, competent to introduce evidence which the trial court excluded, tending to prove that Meyer committed suicide.

The contract in suit is within the protection of the non-impairment clause of the Federal Constitution. Art. I, § 9, cl. 7.

This contract is therefore not to have its obligations impaired by any act of the State of New York. 15 Ency. of Law, 2d ed., 1032.

Plaintiff in error is not a resident of New York, but is a Federal corporation, organized under the act of Congress.

The contract consisted of an offer made on the sixth day of September, 1894, and its acceptance.

Pursuant to the terms of the offer, the last act which changed the offer of Meyer into a contract between him and the defendant; that is, the acceptance of the offer, was the issuance of the certificate and no other act, matter or thing was necessary after such acceptance was evidenced in this record to create the obligation of contract on the part of the defendant, and the one party being bound by the contract, it of necessity follows that the other party was likewise bound by the contract.

The acceptance of this offer, which was the act of the creation of the contract between the parties, took place at Chicago, by the execution of the certificate of membership. Nothing remained to be done. The contract had arisen, and the acceptance which made up a contract, took place in Illinois, and it is, therefore, an Illinois contract, and the *lex loci celebrationis* applies. 22 Ency. of Law, 2d ed., 1324; *Bascom* v. *Zediker,* 48 Nebraska, 380; *Waldron* v. *Ritchings,* 9 Abb. Pr. N. S. 359; *Armstrong* v. *Best,* 112 N. Car. 59; *Equitable Life Society* v. *Clements,* 140 U. S. 226; *Carrollton* v. *Am. Credit Co.,* 124 Fed. Rep. 25; *Shelton* v. *Haxtun,* 91 N. Y. 124; *McIntyre* v. *Parks,* 3 Metc. 207; *Milliken* v. *Pratt,* 125 Massachusetts, 374; *Gay* v. *Rainey,* 89 Illinois, 221; *Buchanan* v. *Drovers' Bank,* 55 Fed. Rep. 223; *Western T. & C. Co.* v. *Kilderhouse,* 87 N. Y. 430; *Merchant* v. *Chapman,* 4 Allen, 362; *Sands* v. *Smith,* 1 Nebraska, 108; *Hosford* v. *Nichols,* 1 Paige's Ch. 220; *Jewell* v. *Wright,* 30 N. Y. 264; *Merchants' Bank* v. *Griswold.* 72 N. Y. 480; *Dickinson* v. *Edwards,* 77 N. Y. 576.

The contract is an Illinois contract, made with reference to the laws of that State, and the evidence rejected at the tria is admissible without the waiver and the waiver is entirely effective and the exceptions to its rejection must be sustained.

Where (as in the case at bar) a proposal is made by a person residing in the State of New York, to a corporation having its residence in the State of Illinois, and is in Illinois accepted, the place of acceptance and not the place of proposal is the place of the contract, and is in all respects and for all purposes

an Illinois contract. *Farmers' Sav. Co.* v. *Bazore*, 67 Arkansas, 252; *Zeltner* v. *Irwin*, 25 App. Div. N. Y. 228; *Baum* v. *Birchall*, 150 Pa. St. 164.

And where, by the terms of the offer, it is not to become a contract until accepted, the place of acceptance is the place of the contract.

It will be presumed that the contract is to be performed at the place where it is made (*i. e.*, Chicago, Illinois), and is to be governed by the law of Illinois, unless there is something in the terms of the contract, or in the explanatory circumstances of its execution inconsistent with that intention. *Toledo Bank* v. *Shaw*, 61 N. Y. 294; *Liverpool &c. Steam Co.* v. *Phenix Ins. Co.*, 129 U. S. 448; *Pritchard* v. *Norton*, 106 U. S. 124; *Lloyd* v. *Guibert*, L. R. 1 Q. B. 115; *Lewis* v. *Headley*, 36 Illinois, 433; *Smith* v. *Mead*, 3 Connecticut, 353; *DeSobry* v. *De Laistre*, 3 Am. Dec. 535; *Tillinghast* v. *Boston Lumber Co.*, 39 S. Car. 484; *Fisher* v. *Otis*, 3 Pin. (Wis.) 78; *Hilliard* v. *Outlaw*, 92 N. Car. 266; *Kittle* v. *Delamater*, 3 Nebraska, 325; *Young* v. *Harris*, 14 B. Mon. (Ky.) 447; *Hyatt* v. *State Bank*, 8 Bush. 193; *Philadelphia Loan Co.* v. *Towner*, 13 Connecticut, 357.

The contracts rest on like obligations. The rates are the same to all. Should it have to pay in suicide cases more than the stipulated amount in New York, and only the covenanted sum in Illinois, the burdens are unequally placed and equity has not been done.

The interpretation of the contract, and of the rights and obligations of the parties thereto, are regulated by the law prevailing at the place of performance, and how much more is this true when the place of performance is the place of execution. *St. Nicholas Bank* v. *State Nat. Bank*, 128 N. Y. 26; *Jewell* v. *Wright*, 30 N. Y. 259; *Dickinson* v. *Edwards*, 58 How. Pr. 24; *Scudder* v. *Union Nat. Bank*, 91 U. S. 406; *Cox* v. *United States*, 6 Pet. 172; *Morris* v. *East Side Car Co.*, 104 Fed. Rep. 409; *Sandham* v. *Grounds*, 94 Fed. Rep. 83; *Martin* v. *Roberts*, 36 Fed. Rep. 217; *Don* v. *Lippmann*, 5 Cl. & F. 1;

*Ferguson* v. *Fyffe*, 8 Cl. & F. 121; *Shoe &c. Nat. Bank* v. *Wood*, 142 Massachusetts, 563; *Akers* v. *Demond*, 103 Massachusetts, 323; *Brown* v. *Camden &c. R. Co.*, 83 Pa. St. 316; *First Nat. Bank* v. *Hall*, 150 Pa. St. 466; *Fitzsimons* v. *Guanahani Co.*, 16 S. Car. 192; *Robinson* v. *Queen*, 87 Tennessee, 445; *Cartwright* v. *New York &c. R. Co.*, 59 Vermont, 675; *Hanrick* v. *Andrews*, 9 Port (Ala.), 9; *Belmont* v. *Cornen*, 48 Connecticut, 342; *Vermont State Bank* v. *Porter*, 5 Day (Conn.); 322; *Herschfeld* v. *Dexel*, 12 Georgia, 582; *Greenwald* v. *Freese*, 34 Pac. Rep. 73; *Guignon* v. *Union Trust Co.*, 156 Illinois, 135; *Lowy* v. *Andrews*, 20 Ill. App. 521; *Abt* v. *Trust Co.*, 159 Illinois, 467; *Peoples' Bldg. Assn.* v. *Fowble*, 17 Utah, 122; *Stevens* v. *Gregg*, 89 Kentucky, 461; *Boyd* v. *Ellis*, 11 Iowa, 97; *Arnold* v. *Potter*, 22 Iowa, 194; *Alexandria &c. R. R. Co.* v. *Johnson*, 61 Kansas, 417; *Capryn* v. *Adams*, 28 Maryland, 529; *Marburg* v. *Marburg*, 26 Maryland, 8; *Jordan* v. *Fitz*, 63 N. H. 227; *Whitney* v. *Whiting*, 35 N. H. 462; *Thayer* v. *Elliott*, 16 N. H. 102; *Dyer* v. *Hunt*, 5 N. H. 401; *Knox* v. *Gerhausen*, 3 Montana, 275; *Shacklett* v. *Polk*, 51 Mississippi, 378; *Hart* v. *Livermore Foundry Co.*, 72 Mississippi, 809; *Reg.* v. *Ogilvie*, 6 Can. Exch. 21.

The last essential act to complete the contract was the acceptance of the application, and, as this was done, and could only be done by the terms of the offer contained in the application, by the board of control, at Chicago, Illinois, it is in that place, under all the authorities, that the contract arose.

An executory (bilateral) contract is within the protection of the non-impairment clause. 15 Ency. of Law, 2d ed., 1033, 1039, n. 8.

As to what is the obligation which the plaintiff in error claims that § 834, N. Y. Code Civ. Pro. impairs see *Sturges* v. *Crowninshield*, 4 Wheat. 197; *McCracken* v. *Hayward*, 2 How. 608.

Tested by an examination of the Illinois decisions or by the common law of Illinois which is the same as that of New York the evidence excluded was admissible under the contract.

Communications from a patient to his physician were not privileged at common law. 23 Ency. of Law, 83; *Edington* v. *Aetna Life Ins. Co.*, 77 N. Y. 564; *People* v. *Stout*, 3 Park Crim. Rep. 670; *Kendall* v. *Grey*, 2 Hilton, 300; *Rex* v. *Gibbons*, 1 C. & P. 97; *Brown* v. *Carter*, 9 L. C. Jur. 163; *Duchess of Kingston's Case*, 20 How. St. Trials, 572; *Broad* v. *Pitt*, 3 C. & P. 518; *Wheeler* v. *Le Marchant*, 17 Ch. D. 675; *Goddard* v. *Gardner*, 28 Connecticut 172; *Springer* v. *Byram*, 137 Indiana, 15; *Winters* v. *Winters*, 102 Iowa, 53; *Barnes* v. *Harris*, 7 Cush. 577; *Campau* v. *North*, 39 Michigan, 606; *Territory* v. *Corbett*, 3 Montana, 50; *Steagald* v. *State*, 22 Tex. App. 464; *Boyles* v. *N. W. Mut. Relief Assn.*, 95 Wisconsin, 312; *In re Breuendl*, 102 Wisconsin, 45.

California, Colorado, Indiana, Iowa, Kansas, Michigan, Missouri, Montana, New York, Pennsylvania, and Wisconsin have enacted statutes which affect the admissibility as evidence of communications made to a physician; but no such statute has been enacted in Illinois.

A Federal question having been made and this cause being properly in this court under the writ of error allowed herein, the entire record is to be examined, and if reversible error has been committed, the judgment must be reversed. *Burton* v. *United States*, 196 U. S. 283; *Horner* v. *United States*, 140 U. S. 570, 576; act of March 3, 1891, § 5; § 709, Rev. Stat.

*Mr. Otto H. Droege*, with whom *Mr. J. Lawrence Friedmann* was on the brief, for defendant in error:

The contract in question was executed in New York and subsequent to the enactment of the statute of that State, which, it is claimed, impairs the obligation of the contract in question.

This finding of fact of the highest court of the State of New York upon this question is conclusive upon this court. *W. U. Tel. Co.* v. *Gottlieb*, 190 U. S. 412, 422; *Dowe* v. *Richards*, 151 U. S. 658. The policy fully bears out the construction placed upon it by the Court of Appeals,

The policy was signed by the officers of the association at Chicago on September 20, and was accepted by the assured September 28, 1894, in New York.

The last act in connection with this contract was performed at New York and the policy did not become effective until the first premium had been paid, and as that was to be paid in New York, where assured resided, therefore, the place of payment is the place of contract. *Equitable Life Assur. Soc.* v. *Clements,* 140 U. S. 226; *Russell* v. *Prudential Life Ins. Co.,* 176 N. Y. 178; *Millard* v. *Brayton,* 177 Massachusetts, 533.

The place of performance of the contract under the policy is necessarily in New York, the residence of the wife of the assured. *Bottomley* v. *Metropolitan Life Ins. Co.,* 170 Massachusetts, 274.

As the contract sued upon in this case was made subsequent to the enactment of the statute in question the non-impairment clause of the Constitution has no application. Code Civ. Pro. of N. Y. §§ 834, 836; *Holden* v. *Met. Life Ins. Co.,* 165 N. Y. 13.

The non-impairment clause of the Constitution prohibits a State from enacting a law which will impair the obligation of an existing contract. This clause was not intended to prohibit a State from enacting a law prohibiting certain contracts in the future. It was intended as a protection to existing contracts only. *Denney* v. *Bennett,* 128 U. S. 489; *Brown* v. *Smart,* 145 U. S. 454. A law in force at the time of making a contract does not impair its obligation. *Ohio* v. *McClure,* 10 Wall. 511; *Churchman* v. *Martin,* 54 Indiana, 380; *Savings Bank* v. *Tripp,* 13 R. I. 621; *Lehigh Water Co.* v. *Easton,* 121 U. S. 388.

Assuming that the contract was made in Illinois upon an action brought in this State, the rules of evidence of the forum in which the action is brought govern. *Nor. Pac. R. R. Co.* v. *Babcock,* 154 U. S. 190; *Miller* v. *Brenham,* 68 N. Y. 82; *Scudder* v. *National Bank,* 1 Otto, 406; *Clarke* v. *Lake Shore Co.,* 94 N. Y. 218; *Sturgess* v. *Vanderbilt,* 73 N. Y. 384.

The rules of evidence adopted in New York govern in a case

of this kind, particularly when the rule has been adopted as a matter of public policy. The courts of the State of New York need not enforce the laws of another State, which are contrary to the public policy of the State of New York.

When defendant came into New York to do business it subjected itself to the laws of that State, which were made for the protection of the citizens thereof. *Davis* v. *Supreme Lodge,* 165 N. Y. 159; *Hoyt* v. *Hoyt,* 112 N. Y. 493; *Weston* v. *Insurance Co.,* 99 N. Y. 56; Story, Conflict of Laws, 7th ed. § 556; Taylor on Evidence, § 917.

The rules of evidence applied in a case are part of the law of the forum. *Wilcox* v. *Hunt,* 13 Pet. 378; *Pritchard* v. *Norton,* 106 U. S. 124; *Bank* v. *Donnally,* 8 Pet. 361.

The non-impairment clause of the Constitution has not the slightest application to this case. *Lehigh Water Co.* v. *Easton, supra.*

A judgment of a state court cannot be reviewed because it refuses to give effect to a valid contract, or because the judgment impairs the obligation of a contract. It must be a statute of a State which impairs the obligation of a contract. *Knox* v. *Exchange Bank,* 12 Wall. 379.

MR. JUSTICE McKENNA delivered the opinion of the court.

The plaintiff in error is a corporation organized under an act of Congress approved June 29, 1894. This action was brought against it by defendant in error as payee in a certain benefit certificate issued by it to Emanuel Meyer, husband of Henrietta Meyer, dated September 20, 1894, whereby it insured his life in the sum of $2,000. The defendant in error obtained judgment, which was successively affirmed by the Appellate Division and by the Court of Appeals of New York. The judgment of affirmance was entered in the Supreme Court, to which the case was remitted, and this writ of error was then sued out.

There are two questions in the case, the place of the contract

and the effect of the following provision in the certificate of insurance:

"And I hereby, for myself, my heirs, assigns, representatives and beneficiaries, expressly waive any and all provisions of law, now or hereafter in force, prohibiting or excusing any physician heretofore or hereafter attending me professionally or otherwise, from disclosing or testifying to any information acquired thereby, or making such physician incompetent as a witness; and hereby consent that any such physician may testify to and disclose any information so derived or received in any suit or proceeding wherein the same may be material."

This provision takes pertinence from another, whereby "it is agreed that if death shall result by self-destruction, whether sane or insane," the certificate "shall be null and void, and all claims on account of such membership shall be forfeited."

The case was submitted for a special verdict on the question "did Emanuel Meyer, the husband of the plaintiff in error, commit suicide?" The jury answered "No."

On the trial plaintiff in error offered the testimony of three physicians who attended Meyer, as to declarations made by him tending to show that he had taken poison with suicidal intent. It appeared that Meyer did not request the attendance of the physicians—indeed, protested against treatment. The testimony was excluded under sections 834 and 836 of the Code of Civil Procedure of the State. Section 834 forbids any physician "to disclose any information which he acquired in attending a patient, in a professional capacity, and which was necessary to enable him to act in that capacity," and section 836 provides that section 834 applies "unless the provisions thereof are expressly waived upon the trial or examination . . . by the patient. . . . But a physician . . . may upon a trial or examination disclose any information as to the mental or physical condition of a patient who is deceased, which he acquired in attending such patients professionally, except confidential communications, and such facts as would tend to disgrace the memory of the patient,

when the provisions of section 834 have been expressly waived on such trial or examination by the personal representatives of the deceased patient."

The Court of Appeals held that the physicians were "attending a patient in their professional capacity;" that the information that they acquired "was necessary to enable" them "to act in that capacity," and that their testimony was therefore properly excluded under sections 834 and 836. The court also held that the certificate of insurance was a New York contract. Judge Gray and Chief Judge Parker concurred in the former view, but dissented as to the application of the code sections. Plaintiff in error contests both sections. The argument is that (1) it appears from the testimonium clause of the certificate of insurance that it was signed and sealed by plaintiff in error at Chicago, Illinois, and hence is an Illinois contract, and must be construed with regard to the law of that jurisdiction, and as there is no evidence of what that law is it must be assumed to be what the common law of the State is, and under that law the testimony of the physicians was admissible. (2) We quote counsel: "The attempted application of sections 834 and 836 of the Civil Code of Procedure of the State of New York to the contract in the case at bar is a violation of the Federal Constitution."

These contentions may be said to have the same ultimate foundation, but regarding them as separate and independent, the first is based on the ground that plaintiff in error derived the right from its contract with Meyer to the testimony of the physicians, which right attended the contract in whatever forum suit upon the contract might be brought. This is certainly debatable. The general rule is that all matters respecting the remedy and admissibility of evidence depend upon the law of the State where the suit is brought. *Northern Pacific R. R. Co.* v. *Babcock,* 154 U. S. 190; *Wilcox* v. *Hunt,* 13 Pet. 378; *Pritchard* v. *Norton,* 106 U. S. 124; *Bank of the United States* v. *Donnally,* 8 Pet. 361.

However, if the certificate of insurance is not an Illinois

contract, all the questions which depend upon that become irrelevant. We think it is not an Illinois contract. Judge Gray, expressing the opinion of the Court of Appeals, disposed of the contention that the certificate of insurance is an Illinois contract briefly but completely. The learned judge said:

"With respect to the first of these questions [that the legislation of New York impaired the obligation of the contract between plaintiff in error and Meyer] raised by the appellant, whatever other answers might be made to the applicability of the provision of the Federal Constitution relied upon, it is sufficient to say, now, that this contract was consummated in the State of New York and is to be governed, in its enforcement, by the laws of that State. The beneficiary was a resident of this State and there made his application for the insurance. The certificate, issuing upon the application, appears, from its language only, to have been signed by the officers of the defendant at Chicago, in the State of Illinois, on September 20th, 1894; but upon it was printed the following clause: 'I hereby accept this certificate of membership subject to all the conditions therein contained,' and that had the signature of the applicant followed by the words, 'Dated at New York, this 28th day of September, 1894, attest: Louis Riegel, secretary section 2179, Endowment Rank, K of P.' By the terms of the certificate, the agreement of the defendant was subject, not only to the conditions subscribed to by the member in his application, but 'to the further conditions and agreements hereinafter named,' and the clause containing his acceptance, above quoted, was one of those 'further agreements.' From these terms of the agreements of the parties the only natural conclusion is that the place of the contract was where it was intended, and understood, to be consummated. Its completion depended upon the execution by the member of the further agreement indorsed upon the certificate: namely, to accept it 'subject to all the conditions therein contained.' The contract was not completed, in the sense that

it was binding upon either party to it, until it was delivered in New York after the execution by the member of the further agreement expressing his unqualified acceptance of its conditions. As matter of fact, the promise of the defendant was to pay the insurance moneys to the plaintiff, who resided in New York; a feature giving additional local coloring to the contract. But the sufficient and controlling fact is that, by its terms, it was first to take effect as a binding obligation, when the required agreement on the part of the member was executed by him."

2. The ground of this contention is not made clear. The language of counsel points to the contract clause of the Constitution as that relied on, and to render it available makes the law of Illinois the obligation of the contract of insurance. But this can only be upon the supposition, which we have seen is erroneous, that the certificate of insurance was an Illinois contract, not a New York contract. Being a New York contract, the code sections did not impair its obligation. They were enacted before the contract was executed, and if they were a valid exercise of legislative power, and we have no doubt they were, it was competent for the State to enact the rule of evidence expressed in them. The case is in this narrow compass, and we need not further follow the details of the argument of counsel that the obligation of the contract of insurance was impaired. But we may observe that there is no question in the case of the validity or the enforcement of the provision in the certificate of insurance against suicide. It is only of the testimony offered to prove suicide. Plaintiff in error sought to prove it by the testimony of a physician, and the attempt encountered the New York Code and the questions we have discussed.

Plaintiff in error further contends that, as in writs of error to the Circuit and District Courts of the United States, we are not restricted to constitutional questions, so in writs of error to a state court we may also decide all questions presented by the record and that it is open for us to decide whether the

relation of doctor and patient existed between one of the witnesses and Meyer. This is attempted to be made out by that part of section 709 of the Revised Statutes, which provides: "The writ [to the final judgment or decree of a state court] shall have the same effect as if the judgment or decree complained of had been rendered or passed on in a court of the United States."

However this may be, in cases like that at bar, we accept the construction the state courts give to state statutes. It is manifest that the question submitted involves the construction of the state statute. Plaintiff in error is not helped by the decision in *Foley* v. *Royal Arcanum*, 151 N. Y. 196. It was there decided that a waiver in a policy of insurance was valid under sections 834 and 836, as they then stood, and their subsequent amendment did not affect the waiver. But the certificate of insurance in the case at bar was made after the amendment to section 836. In *Holden* v. *Metropolitan Life Ins. Co.*, 165 N. Y. 13, it was held that the statute, by virtue of the amendment, "in positive and express terms, requires the waiver to be made upon or at the time of the trial or examination," and "no one except the personal representatives of the deceased patient can waive the provisions of section 834, and it can be waived by them only upon the trial or examination where the evidence is offered or received." *Foley* v. *Royal Arcanum* was referred to and limited to the construction of the statute as it stood before amendment. The opinion of the Court of Appeals in the case at bar follows the *Holden case* and distinguishes prior cases.

*Judgment affirmed.*