## FRANKLIN SUGAR REFINING CO. v. HOLSTEIN HARVEY'S SONS, Inc.

### (District Court, D. Delaware. July 26, 1921.)

#### No. 4, March Term, 1921.

**Frauds, statute of ⟨key⟩120—Sales contract not in writing, invalid in state where made, held not to support action in another jurisdiction, wherein similar law not in force.**

   Sales Act, Pa., § 4, providing that contracts for sale of property of the value of $500 or more "shall not be enforceable" unless in writing, or unless some part of property has been received, or some part of the price paid by the buyer, as construed by the Supreme Court of the state, which construction is binding on the federal courts, relates to the validity of the contract, and not to the remedy, and a Pennsylvania contract, invalid thereunder, will not support an action in another jurisdiction wherein a similar law is not in force.

At Law. Action by the Franklin Sugar Refining Company against Holstein Harvey's Sons, Inc. On demurrer to pleas. Demurrer overruled.

William S. Hilles, of Wilmington, Del., and Henry S. Drinker, Jr., of Philadelphia, Pa., for plaintiff.

Robert H. Richards, of Wilmington, Del., for defendant.

MORRIS, District Judge. The plaintiff in the suit at law of the Franklin Sugar Refining Company, a Pennsylvania corporation, against Holstein Harvey's Sons, Inc., a Delaware corporation, sets up in its declaration a common-law contract, made and performable in the state of Pennsylvania, for the sale by the plaintiff to the defendant of sugar of the value of upwards of $3,000 and the breach thereof by the defendant. To pleas setting up the Pennsylvania statute of frauds as a defense, the plaintiff demurs generally. The statute in question (section 4, Sales Act May 19, 1915 [P. L. 543]) provides:

"A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upwards shall not be enforceable * * * unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

There is no similar law in force in the state of Delaware. Alderdice v. Truss, 2 Houst. (Del.) 268, 273. The broad question raised by the demurrer is, therefore, whether the lex loci contractus et solutionis or

---

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the lex fori controls. The answer to that question depends upon whether the Pennsylvania statute relates to the validity of the contract or merely to the remedy. Wharton on the Conflict of Laws (3d Ed.) §§ 675a–694.

The Supreme Court of the state of Pennsylvania had section 4 of its Sales Act before it for consideration in Mason-Heflin Coal Co., Appel., v. Currie, 270 Pa. 221, 113 Atl. 202, and held that a statement of claim, not averring the facts necessary to take the case out of that statute, was substantially defective, and did not show a cause of action. Hogle v. De Long Hook & Eye Co., 248 Pa. 471, 94 Atl. 190. That decision, as I understand it, is in effect a repudiation of the distinction made in Leroux v. Brown, 12 C. B. 801, and similar cases, between provisions of the statute of frauds declaring in substance that no action shall be brought on a contract which does not comply with their terms and those that declare in effect that such a contract shall be invalid or void. It is in harmony with Cochran v. Ward, 5 Ind. App. 89, 29 N. E. 795, 31 N. E. 581, 51 Am. St. Rep. 229, Lindsay v. Collings (Tex. Civ. App.) 182 S. W. 879, 881, and like cases. It necessarily implies, I think, that the Pennsylvania statute relates to the validity of the contract rather than to the remedy. This court is bound by the construction placed upon the Pennsylvania statute by the Supreme Court of that state. Soper v. Lawrence Brothers, 201 U. S. 359, 26 Sup. Ct. 473, 50 L. Ed. 788; Knights of Pythias v. Meyer, 198 U. S. 508, 25 Sup. Ct. 754, 49 L. Ed. 1146; Elmendorf v. Taylor, 10 Wheat. 152, 159, 6 L. Ed. 289.

For the foregoing reasons I am of the opinion that the statute of Pennsylvania, and not the law of Delaware, governs this case.