## CHARLESTON.

THE FRANKLIN SUGAR REFINING CO. v. MARTIN-NELLY GROCERY CO.

Submitted September 18, 1923. Decided October 2, 1923.

1.  CONTRACTS—*Laws Subsisting Where Contract Made and to be Performed Are Part Thereof.*
    The laws which subsist at the time and place where a con-

tract is made and to be performed enter into and become a part of it to the same extent and effect as if they were expressly incorporated in its terms.   (p. 507).

2.   Same—*Contract to be Interpreted by Laws of State in Which It Was Made and to be Performed.*

Where a contract is made in another state to be performed there, and suit thereon is brought in a court of this state, it is to be interpreted according to the laws of that state as construed by the highest court of that state.   (p. 508).

3.   Frauds, Statute of—*Foreign Statute may be Relied on as Defense.*

The Pennsylvania Sales Act of May, 1915, provides that:

"A contract to sell or a sale of any goods or choses in action of the value of $500 or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action, so contracted to be sold or sold; and actually received the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

In a suit brought in a court of this state for the breach of a contract, made and to be performed in the state of Pennsylvania, and which comes within the terms of the statute; the statute, as interpreted by the courts of that state, affects not merely the remedy, but the obligation of the contract, and defendant may plead and rely upon the statute as a defense.   (p. 512).

Case Certified from Circuit Court, Wood County.

Action by the Franklin Sugar Refining Company against the Martin-Nelly Grocery Company.  An objection to defendant's special plea was sustained, and the case certified.

*Reversed.*

*Smith D. Turner*, for plaintiff.

*Ambler, McCluer & Ambler*, for defendant.

Meredith, Judge:

Plaintiff filed its declaration in assumpsit, consisting of six counts, to recover damages in the amount of $11,000, for breach of two separate contracts for the purchase of sugar. The first three counts apply to a contract of sale of 40,250 pounds on a basis of 22.5 cents per pound, subject to a differ-

ential of .4 cents per pound, or at the full rate of 22.9 cents per pound. It is alleged that the contract in writing was executed by Chas. Syer & Co., brokers, as agents on behalf of defendant. Defendant, denying the contract, pleaded non-assumpsit, and tendered its special plea No. 2 to the matters set out in the first, second and third counts. Plaintiff's objection to the special plea was sustained, and the questions arising thereon were certified here.

The plea avers that the supposed contract sued on was made in the state of Pennsylvania to be performed there; that it purports to be a contract for the sale of goods, to-wit, a quantity of over 40,000 pounds of sugar, at the price or 22.5 cents per pound, amounting to more than $9,000, and that the alleged contract involved the sum of over $500; that before and at the time of making the supposed contract, and from then until now, there was and is in force in the state of Pennsylvania a law known as the Sales Act of May, 1915, duly enacted by the Legislature of that state and promulgated as a law thereof; that by section 4 of said Sales Act is was provided:

> "A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action, so contracted to be sold or sold; and actually receives the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

The plea avers that the defendant did not receive or accept any part of the goods; that it did not give anything in earnest to bind the alleged contract, or in part payment; and that no note or memorandum in writing of the alleged contract was signed by defendant or by any agent of defendant in that behalf; that the defendant did not, nor did any agent or other person by its authority, or on its behalf make and sign the alleged written contract set forth; that the alleged contract was not valid and enforceable under the laws of Pennsylvania and that no action can be maintained thereon

under the laws of that state. , The plea is duly verified.

The objection made to the plea goes to its substance, not its form.   Pennsylvania has adopted the Uniform Sales Act; this state has not; nor has it adopted in its statute of frauds any provision requiring that a sale of goods, wares or mer-chandise of ceratin value be evidenced by writing or other-wise, corresponding to the 17th section of . the   English Statute of Frauds, 29 Car. II, Cap 3; 8 Eng. Stat. at Large, p. 465.   So, a verbal sale of goods made in this state, re-gardless of the value, need not be in writing to make it bind-ing on the parties.   It is quite clear, if the facts stated in the special plea are true, that plaintiff could not enforce the alleged contract in any court in Pennsylvania.   Can it do so here?   This brings us to the real point in the case, and that is whether the fourth section of the Uniform Sales Act, which provides that a contract within the statute shall not be enforceable goes to the mere remedy on the contract or to the obligation of the contract.   In other words, if it be not enforceable, is it a valid contract?   Can it be said to be a contract?

As we understand it, plaintiff's contention is that the statute does not affect the validity of the contract, but that it only prescribes the rule of evidence by which it must be proved; that, therefore, the contract being of such a nature as would be enforceable in this state, if made here, the courts will enforce it here, though it could not be enforced in Penn-sylvania; in other words, that the law of   Pennsylvania . does not affect the right, but only the remedy.   On the other hand, counsel for defendant contends that the statute affects the right, the obligation of the contract, that it enters into and becomes a part of the contract, and is carried with it, wherever and whenever either party seeks to enforce it; that the remedy and the right in such a case are inseparable; so that if you strike down the one you also strike down the other; that if the remedy does not exist, the right does not exist.   It will be admitted that the laws which subsist at the time and place of making a contract, assuming it is to be performed there, enter into and form a part of it, to the same extent and effect as if they were expressly referred to

or incorporated in its terms.  *Crumlish's Adm'rs.* v. *Central Imp. Co.,* 38 W. Va. 390, 18 S. E. 456.   Therefore the Pennsylvania Sales Act is a part of the contract in suit.   The contract, if the plea is true, could not be enforced there.   But that Sales Act, when applied to contracts made in that state, means what the highest court of that state says it means. These decisions interpret the law, and the law when incorporated into a contract made there carries with it the construction placed upon it by judicial decision of that state. Hence, it becomes material to inquire whether the courts of that state hold that the statute affects the obligation of the contract or the remedy only.   So far as we have been able to determine the question from the adjudged cases, it is not free from doubt.

In *Manufacturer's Light & Heat Co.* v. *Lamp,* 269 Pa. St. 517, 112 Atl. 679, the court held that ''The statute requireing a memorandum in writing of a contract for the sale of personal property worth more than $500 does not prescribe a mere rule of evidence, but is a limitation on judicial authority to afford a remedy.''   In that case the plaintiff sought by bill in equity to enforce specific performance of a contract for sale of natural gas, but the court refused relief, under the provision of the Sales Act in question here, because the written contract signed by the owners agreeing to dispose of their gas at stipulated prices during the remainder of another contract to be afterward prepared and executed was incomplete, the length of time for which the flow of gas was purchased not being stated.   Upon this point the court says:

> ''Statutes, such as the one with which we are dealing, do not provide mere rules of evidence, but are limitations upon the judicial authority to afford remedies.   *Safe Deposit & Trust Co.* v. *Diamond Coal & Coke Co.,* 234 Pa. 100, 83 Atl. 54, L. R. A. 1917-A, 596; *Moore* v. *Eisaman,* 201 Pa. 190, 50 Atl. 982.   If, then, there has been a failure to properly comply with the legislative requirements, relief can not be granted.   The contract of sale must be evidenced by a written note or memorandum.   This means, as has been so frequently declared, in the case of contracts dealing with real estate, that all of the essentials of

the agreement must appear in the writing to be signed by the party to be charged. *Soles* v. *Hickman,* 20 Pa. 180; *Conrade* v. *O'Brien,* 1 Pa. *Super. Ct.* 104; 1 Williston, Contracts, 1101. If not complete in itself, and oral evidence be required to supply ommissions, then the whole is reduced to parol, and though equity might reform, it can no longer specifically enforce. *Safe Deposit & Trust Co.* v. *Diamond Coal & Coke Co.,* 234 Pa. 100, 83 Atl. 54, L. R. A. 1917-A, 596; *Rineer* v. *Collins,* 156 Pa. 342, 27 Atl. 28.''

In the case of *Safe Deposit & Trust Co.* v. *Diamond Coal & Coke Co.,* above cited, defendant, in equity, by cross-bill, sought reformation of a written agreement for the sale of certain coal lands and specific performance thereof.    The agreement did not definitely describe the lands.    Relief was refused, the court saying, in points one and five, that ''An agreement for the sale of coal lands which fails to definitely describe any of the boundaries is void and unenforceable under the statute of frauds. - - - The statute of frauds (Act April 22, 1856, P. L. 533) is not a mere rule of evidence, but a limitation of judicial authority to afford a remedy.'' In the opinion it is stated that ''Without this statute, an agreement either in writing or by parol to sell lands is not valid unless its terms are sufficiently definite to identify the subject of the sale. Under the statute, the land must not only be described to identify it, but the contract must be in writing, or it is void and not enforceable.'' In the same opinion the court quotes with approval the following from *McCann* v. *Pickup,* 17 Phila. 56: ''But, where the omitted term or obligation is within the statute of frauds, there is *no valid agreement* which the court is authorized to enforce outside of the writing.''    From these cases, it seems that the courts of that state hold the terms ''void'', ''not valid'' and ''unenforceable'' as synonymous.

In *Mason-Heflin Coal Co.* v. *Currie,* 270 Pa. St. 221, 113 Atl. 202, the first point stated was: ''Where a verbal contract is for a sale in excess of $500, must the statement of claim set forth the facts showing that the requirements of section 4 of the Sales Act have been complied with, or is this merely

a matter of proof at the trial?'' The court makes the following answer:

> "It would, of course, be a waste of time to spend days or even minutes in a trial, only to find, at the end thereof, that there could be no recovery because of the provisions of the act; and, since it is easy to set forth the essential facts permitting recovery (if such there be), we will not add another count to the public's indictment of judicial proceedings because of the 'law's delays'. The purpose of a statement is to set forth facts which show a claim 'enforceable' by action; and it necessarily fails of this purpose unless they are averred. There is a vital distinction between cases where the claim was originally enforceable by suit, but recovery thereof may or may not have been lost by a failure to bring it within the time prescribed by the statute of limitations; and those, like the present, where the claim never was enforceable unless the statutory requirements were observed. Under the former, the facts necessary to take the case out of the statute need not be set forth. (*Heath* v. *Page*, 48 Pa. 130; *Barclay* v. *Barclay,* 206 Pa. 307, 55 Atl. 985) ; under the latter, which are in effect proceedings for specific performance of the contract (*Herzberg* v. *Irwin,* 92 Pa. 48; *Murray* v. *Ellis,* 112 Pa. 485, 3 Atl. 845; *Black* v. *American International Corporation,* 264 Pa. 260, 107 Atl. 737), they must be averred, in order to show a recovery may be had under the statue (*Hogle* v. *DeLong Hook & Eye Co.,* 248 Pa. 471, 94 Atl. 190). Were the question *res nova* we would hesitate ere we decided not to so require in both classes of cases. We have, however, inherited the rule of lack of necessity in the former, and hence will follow it; but we have not inherited a duty to penalize the public by extending it."

In *Franklin Sugar Refining Co.* v. *Howell,* 274 Pa. St. 190, 118 Atl. 109, the court held: "In a suit to recover for the breach of a contract for the sale of goods in excess of $500 in value, the statement of claim must set forth the facts showing a compliance with the requirements of the fourth section of the Sales Act of May 19, 1915, P. L. 543." However, in the case of *Franklin Sugar Co.* v. *Lykins Mercantile Co.,* 274 Pa. St. 206, 117 Atl. 780, decided at the

same term, it was held, that an affidavit.of defense under the practice in that state, which raises only questions of law, is in the nature of a demurrer and necessarily admits all facts pleaded in plaintiff's statement of claim; and that "Judgment can not be entered for defendant on questions of law raised in an affidavit of defense, when the only objections are to the form of the statement, or that it is not sufficiently specific. Under such circumstances the proper practice is to take a rule to strike off the statement under section 21 of the Practice Act of May 14, 1915, P. L. 483, 487, or for a more specifiic statement.''

The result of these cases, as we understand the practice in that state, is this, that if the statement clearly shows on its face that as a matter of law the plaintiff is not in any court entitled to recover, for example, that the case is clearly within the fourth section of the statute of frauds, the court should enter summary judgment for defendant; but if there be any doubt, summary judgment should be refused and defendant should move to strike off the statement or for a more specific statement of claim, or set up the statute by way of defense.

There is one statement in the opinion in the last case cited, however, which should be noted. The court said:

> "If the affidavit was intended to deny the enforceability of the contracts, because of the fourth section of that act, this should have been clearly averred, either by a reference to the section itself, or by such a statement as made certain the defense was founded upon it. In the instant case this was not done. It is averred the contract is not valid, but the Sales Act· does not say oral agreements are not valid, but only (by section 4), that if involving $500 or upwards (they) shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold and actually received the same, or give something in earnest to bind the contract, on in part payment, or unless some note or memorandum in writing of the contract or sale be ' signed by the party to be charged or his agent in that behalf.''

We do not think that the court meant to say that a contract of sale of goods for $500 or upwards not in writing is valid but not enforceable. Oral contracts of sales of goods under $500 in value are not within the statute, and hence are valid. How a contract can be valid and at the same time unenforceable is to us incomprehensible. Apparently the Pennsylvania courts have taken this view also; we do not find any of their decisions to the contrary. If plaintiff in that state should sue for recovery for the price of goods of value of more than $500, clearly showing on the face of his statement of claim that the contract was not in writing, and that it came within section 4 of the Sales Act of 1915, under their decisions, as we interpret them, the court would be bound to enter judgment for the defendant, even though he made no appearance and judgment was entered by default. The court would have no jurisdiction to enter judgment for the plaintiff, because the statute in such cases places a limitation on its judicial powers. This, we think, furnishes a correct test. As was said by Mr. Justice Swayne, in *Edwards* v. *Kearzey*, 96 U. S. 595:

> "The obligation of a contract includes every thing within its obligatory scope. Among these elements nothing is more important than the means of enforcement. This is the breath of its vital existence. Without it, the contract, as such, in the view of the law, ceases to be, and falls into the class of those 'imperfect obligations', as they are termed, which depend for their fulfillment upon the will and conscience of those upon whom they rest. The ideas of right and remedy are inseparable. 'Want of right and want of remedy are the same thing.' 1 Bac. Abr. tit. Actions in general, letter B."

The right and the remedy must co-exist; if there is no remedy, there is no right. As we understand the Pennsylvania cases, plaintiff's remedy is not dependent upon defendant's failure to plead or rely upon the statute. He must show his right to recover before judgment can be entered for him. We are construing here a Pennsylvania contract made under the laws of that state and the many

decisions cited from our court upon our own statute of frauds have no application. If the Uniform Sales Act were adopted here we would of course place our own interpretation upon it and it might be quite at variance with the interpretation placed thereon by the Pennsylvania courts; but in enforcing a Pennsylvania contract made with reference to the statute of that state, we should, unless contrary to the public policy of this state, adopt the construction of the statute evidenced by the highest court of that state . This we have endeavored to do. We think the Pennsylvania decisions in effect hold that section 4 of the Sales Act of that state affects not the mere remedy on the contract but the obligation of the contract.

For the foregoing reasons, we are of opinion that the special plea No. 2 should be filed, and we therefore reverse the ruling of the circuit court.

*Ruling reversed.*