**FRANKLIN SUGAR REFINING CO. v. WIL-
LIAM D. MULLEN CO.**

(District Court, D. Delaware. July 6, 1925.)

No. 2.

**I. Courts ⬭370—Federal court must accept
construction of state statute deliberately
adopted by state's highest court.**

Federal court must accept meaning and construction of a state statute, unqualifiedly and deliberately adopted by state's highest court, even if such decision be in conflict with a prior ruling of federal court.

**2. Courts ⬭511—One country or state, in exercise of comity, will give effect to laws of another, so far as consistent with its own interests.**

While no law has any effect of its own force beyond limits of sovereignty from which its authority is derived, and extent to which a law of one state or nation is allowed to operate within dominion of another depends on comity, yet, in exercise of comity, one country or state will respect and give effect to laws of another so far as can be done consistently with its own interests.

**3. Contracts ⬭2—Validity of contract governed by law of place where it is made.**

The validity of a contract is governed by law of place where it is made.

**4. Contracts ⬭167—Laws subsisting at time and place of making of contract enter into and form part of it.**

Laws which subsist at time and place of making a contract, which affects its validity, enter into and form a part of it, as if they were expressly referred to, or incorporated, in its terms.

**5. Courts ⬭511—Sales contract, not in writing, invalid in state where made, held not to support action in another jurisdiction where similar law not in force.**

Sales Act May 19, 1915, Pa. § 4 (P. L. 543; Pa. St. 1920, § 19652), providing that contracts for sale of property of value of $500 or more "shall not be enforceable" unless in writing, or unless some part of the property has been received, or some part of the price paid by buyer, as construed by the court of last resort of Pennsylvania, relates to the validity of the contract, and not to the remedy, and a Pennsylvania contract, invalid thereunder, will not support an action in a federal court of another jurisdiction wherein a similar law is not in force.

**6. Courts ⬭511—When courts will recognize and enforce foreign laws stated.**

In the recognition and enforcement of foreign laws, courts are slow to overrule the positive law of the forum, and will never give effect to a foreign law when to do so would prejudice state's own rights, or rights of its citizens, or when enforcement of foreign law would contravene positive policy of law of the forum.

**7. Contracts ⬭325—Remedies and procedure for enforcing contract made in another state governed entirely by lex fori.**

As the affording of remedies in one state for enforcing a contract made in another depends entirely upon judicial comity, remedies and procedure are governed entirely by the lex fori.

**8. Courts ⬭511—"Comity" defined.**

"Comity" has to do with the recognition and obligation of the law of one state in the domain of another.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Comity.]

**9. Frauds, statute of ⬭120—Sales contract, not in writing, invalid in state where made, held not to support action in another jurisdiction wherein similar law not in force.**

Sales Act May 19, 1915, Pa. § 4 (P. L. 543; Pa. St. 1920, § 19652), providing that contracts for sale of property of the value of $500 or more "shall not be enforceable" unless in writing, or unless some part of property has been received, or some part of price paid by buyers, if regarded as dealing with the remedy only and not with validity, a Pennsylvania contract invalid thereunder will not support an action in a federal court of another jurisdiction wherein a similar law is not in force.

At law. Action by the Franklin Sugar Refining Company against the William D. Mullen Company. On demurrer to declaration. Demurrer sustained.

William S. Hilles, of Wilmington, Del., for plaintiff.

Robert H. Richards and James I. Boyce, both of Wilmington, Del., for defendant.

MORRIS, District Judge. To the declaration filed by the Franklin Sugar Refining Company in its action at law against William D. Mullen Company, to recover damages for the breach by the latter of contracts for the purchase by it of sugar from the plaintiff, the defendant demurred. The declaration discloses that the contracts were made and were to be performed in Pennsylvania, and that they failed to meet the requirements of section 4 of the Pennsylvania Sales Act of May 19, 1915 (P. L. 543; Pa. St. 1920, § 19652), set out in (D. C.) 275 F. 622, and decided July 24, 1921, in some of the particulars in which similar contracts were held deficient in Franklin Sugar Refining Co. v. Howell, 274 Pa. 190, 118 A. 109; Franklin Sugar Refining Co. v. John, 274 Pa. 205, 118 A. 115; Franklin Sugar Refining Co. v. Kane Milling & Groc. Co., 278 Pa. 105, 122 A. 231, 29 A. L. R. 1213; Franklin Sugar Refining Co. v. John, 279 Pa. 104, 123 A. 685. The contracts are not repugnant to any law of the state of Delaware, for there is in Delaware no law similar to the Pennsylvania statute or to the seventeenth section of the English statute of frauds (29 Ch. II, c. 3). Alderdice v. Truss, 2 Houst. (Del.) 268,

273; Hall v. Livingston, 3 Del. Ch. 348; Franklin Sugar Refining Co. v. Holstein Harvey's Sons, Inc. (D. C.) 275 F. 622. That the contracts are not enforceable in Pennsylvania, and that they would be enforceable here had they been made in Delaware to be here performed is assented to by each of the parties. The issue between them, raised by the demurrer, is whether the law of Pennsylvania or the law of Delaware governs in this action.

[1] The defendant says the law of Pennsylvania controls because, as I understand its contentions, (1) the fourth section of the Pennsylvania Sales Act directly affects the validity of the contracts to which it pertains; and (2) even if it affects directly only the remedy for the enforcement of contracts coming within its terms, yet a contract wholly without remedy for its enforcement in the state or country in which it is made and is to be performed is an imperfect obligation, incapable of legal enforcement anywhere. The same questions were before this court in Franklin Sugar Refining Co. v. Holstein Harvey's Sons, Inc. (D. C.) 275 F. 622. Relying upon Mason-Heflin Coal Co., Appellant, v. Currie, 270 Pa. 221, 113 A. 202, and the apparently inevitable inference arising therefrom, it was held that the statute in question relates directly to the validity of contracts within its scope, rather than to the remedy. But, as it is settled doctrine that a federal court must accept the meaning and construction of a state statute, unqualifiedly and deliberately adopted by its highest court (Northern Pacific Ry. Co. v. Meese, 239 U. S. 614, 619, 36 S. Ct. 223, 60 L. Ed. 467), even if such decision be in conflict with a prior ruling of such federal court (Sanford v. Poe, 69 F. 546, 549, 16 C. C. A. 305, 60 L. R. A. 641; Western Union Tel. Co. v. Poe [C. C.] 64 F. 9, 14), and as the Supreme Court of Pennsylvania has given expression, since the Harvey Case was decided, to certain views pertaining to section 4 of the Sales Act of that state, and as the plaintiff herein contends that the opinions in such recent cases evince the unsoundness of the decision in the Harvey Case, the questions will be considered anew.

The Supreme Court of Pennsylvania, in Safe Deposit & Trust Co. v. Diamond Coal & Coke Co., 234 Pa. 100, 83 A. 54, L. R. A. 1917A, 596, held: "An agreement for the sale of coal lands which fails to definitely describe any of the boundaries is void and unenforceable under the statute of frauds. * * * The statute of frauds (Act April 22, 1856; P. L. 533) is not a mere rule of evidence, but a limitation of judicial authority to afford a remedy." Syllabus, 83 A. 54.

In the opinion it was said that "without this statute an agreement either in writing or by parol to sell lands is not valid unless its terms are sufficiently definite to identify the subject of the sale. Under the statute, the land must not only be sufficiently described to identify it, but the contract must be in writing, or it is void and not enforceable."

Quoting with approval from McCann v. Pickup, 17 Phila. 56, the court added: "But, when the omitted term or obligation is within the statute of frauds, there is no valid agreement which the court is authorized to enforce outside of the writing."

In Anderson v. Best, 176 Pa. 498, 502, 35 A. 194, 195, decided in the year 1896, the court said: " * * * The statute does not declare the contracts upon which those promises were made either illegal or void. It simply refuses to enforce them unless proved by a writing. When the defendant put his promise to pay in writing he obviated all difficulty from the statute. The original promises could not have been recovered upon, but this judgment is not on the original promises but on the written undertaking to pay."

In Curry v. Bacharach Quality Shop, 271 Pa. 364, 117 A. 435, decided July 1, 1921, it was held that "an oral promise, unenforceable because of the statute of frauds, may be made good by a subsequent writing." Anderson v. Best, as above quoted, was cited as authority for this statement. In Producers' Coke Co. v. Hoover, 268 Pa. 104, 110 A. 733, decided June 26, 1920, Smith on the Law of Frauds, § 378, was quoted with approval thus: "The statute of frauds affects the remedy and not the validity of the contract. * * * * "

In Manufacturers' Light & Heat Co. v. Lamp, 269 Pa. 517, 112 A. 679, it was held (as stated in the syllabus, 112 A. 679) that "the statute requiring a memorandum in writing of a contract for the sale of personal property worth more than $500 does not prescribe a mere rule of evidence, but is a limitation on judicial authority to afford a remedy."

In Mason-Heflin Coal Co. v. Currie, 270 Pa. 221, 113 A. 202, it was expressly held that the facts necessary to take a case out of the statute (section 4 of the Sales Act) must be averred, thereby reaffirming that

the statute does not prescribe a mere rule of evidence.

In Franklin Sugar Refining Co. v. Howell, 274 Pa. 190, 118 A. 109, it was held that, "in a suit to recover for the breach of a contract for the sale of goods in excess of $500 in value, the statement of claim must set forth the facts showing a compliance with the requirements of the fourth section of the Sales Act of May 19, 1915 (P. L. 543)."

But in Franklin Sugar Refining Co. v. Lykens Mercantile Co., 274 Pa. 206, 117 A. 780, the same court used this language: "It is averred the contract was not valid, but the Sales Act does not say oral agreements are not valid, but only (by section 4) that if involving '$500 or upwards they shall not be enforceable by action.'"

This language was used by the same court in American Products Co. of Pennsylvania v. Franklin Quality Refining Co., 275 Pa. 332, 119 A. 414: "But the Sales Act, now in question, says like claims shall be 'unenforceable,' where the facts bring the case within its terms, re-enacting, in effect, section 17 of the early English statute. There is a vital distinction between cases where the claim is originally enforceable by a suit, but recovery thereof may or may not have been lost by a failure to bring it within the time prescribed by the statute of limitations, and those, like the present, where the claim never was enforceable unless the statutory requirements were observed. Mason-Heflin Coal Co. v. Currie, 270 Pa. 221, 223, 113 A. 202; Josephson & Sons v. Weintraub, supra. So it has been said that statutes, such as now considered, provide, not mere rules of evidence, but are limitations on the power of the judiciary to afford a remedy. Manufacturers' Light & Heat Co. v. Lamp, 269 Pa. 517, 112 A. 679."

Again in Franklin Sugar Refining Co. v. John, 279 Pa. 104, 123 A. 685, decided January 7, 1924, the court, quoting from Williston on Contracts, 1114, with respect to the Sales Act, said: "As the purpose of the statute is to require a formality of proof in order to make a contract enforceable, not to impose a new rule of law as to what constitutes a valid contract, it is immaterial with what purpose [or in what way, so long as it is signed] the requirement of the statute is fulfilled."

[2-5] I fail to find in these or other decisions of the court of last resort of the state of Pennsylvania a clear, unqualified, and deliberate ruling to the effect that section 4 of the Sales Act of that state is procedural only, prescribes a mere rule of evidence, and does not affect the contractual obligation. On the contrary, that court has, in its several decisions, used the terms "void," "not valid," and "unenforceable," synonymously. It has repeatedly held that a statement of claim which does not set forth the facts showing a compliance with the requirements of the statute in question does not set up a cause of action. I can reconcile the general trend of the rulings and the language of the decisions only with the view that section 4 of the Pennsylvania Sales Act is not a mere procedural rule of law, or one that affects the remedy or rules of evidence only, but is a statute that goes to the very heart of the contract, and affects its obligatory character and hence its validity. Franklin Sugar Refining Co. v. Martin-Nelly Grocery Co., 94 W. Va. 504, 119 S. E. 473. While it is fundamental that no law has any effect, of its own force, beyond the limits of the sovereignty from which its authority is derived, and the extent to which the law of one state or nation is allowed to operate within the dominion of another depends upon comity, yet a broad general principle is that, in the exercise of comity, one country or state will respect and give effect to the laws of another so far as can be done consistently with its own interests. 5 R. C. L. 908. And it has now become a familiar rule of this branch of the law that the validity of a contract is governed by the law of the place where it is made. 5 R. C. L. 931. Laws which subsist at the time and place of making a contract, which affects its validity, enter into and form a part of it, as if they were expressly referred to or incorporated in its terms. Edwards v. Kearzey, 96 U. S. 595, 24 L. Ed. 793. Having concluded that the Pennsylvania statute affects the validity of the contracts here in suit, it follows that that statute governs in this action, invalidates the contracts sued upon, and makes it necessary to sustain the demurrer.

[6-8] But let it be assumed that the effect of the decision of the court of last resort in the state of Pennsylvania has not been rightly understood, and that its statement (Producers' Coke Co. v. Hoover, 268 Pa. 104, 110 A. 733) that "the statute of frauds affects the remedy and not the validity of the contract," is the law of Pennsylvania. What then? Under such circumstances the courts of Pennsylvania would, without doubt, follow Leroux v. Brown, 12 C. B. 801. In a suit there instituted upon Delaware contracts like those here in suit, it would undoubted-

ly deny relief. But that conclusion does not make it necessary or logical to hold that the plaintiff is entitled to relief in the suit at bar. To make this clear, we shall turn once more to the law of "the comity of nations." We there find that in the recognition and enforcement of foreign laws the courts are slow to overrule the positive law of the forum; and that they will never give effect to a foreign law when to do so would prejudice the state's own rights or the rights of its citizens, or when the enforcement of the foreign law would contravene the positive policy of the law of the forum. 5 R. C. L. 911. Moreover, it is a universally established rule that, as the affording of remedies in one state for enforcing a contract made in another depends entirely upon judicial comity, the remedies and procedure are governed entirely by the lex fori. 5 R. C. L. 941. But in no case and by no authority do I find it stated that the rules of comity require a foreign sovereignty to afford a remedy upon a contract as to which all remedy is denied by the law of the state in which it was made. Comity has to do with the recognition and obligation of the law of one state in the domain of another. If under the guise of the comity of nations a foreign state should afford a remedy for a contract that is remediless in the state where made, the foreign state would not be giving effect to the law of the state where the contract was made, but would be acting contrary to the law and contrary to the policy of that state. Such is not "the comity of nations" as I understand it.

[9] If the statute be regarded as a statute purporting to deal with remedy only, and not with validity, and it be considered without regard to comity, we cannot escape the conclusion that a statute denying to a contract all remedy, every legal means of enforcement, is not a statute that affects the remedy only. Such a statute, though purporting to deal only with remedy, is broader and goes deeper than mere remedy. For example, it is well-settled law that a statute of limitations pertains to the remedy for the enforcement of a contract and does not affect its validity; yet it is equally well established that such a statute may extend so far as to go beyond the realm of remedy and into the field of right, as when it fails to allow a sufficient time for the exercise of the right of action or declares that a period already elapsed shall bar an action upon a contract. Wheeler v. Jackson, 137 U. S. 245, 11 S. Ct. 76, 34 L. Ed. 659. Mulvey v. Boston, 197 Mass. 178, 83 N. E. 402, 14 Ann. Cas. 349. The obligation of an existing contract is impaired by anything which prevents its enforcement. McGahey v. Virginia, 135 U. S. 662, 693, 10 S. Ct. 972, 34 L. Ed. 304. It would seem obvious that a statute which, though purporting to deal only with remedy, denies to contracts thereafter made all means of enforcement, affects the obligation of such contracts, and thus indirectly their validity, as clearly and as effectively as the denial of all remedy upon an existing contract impairs its obligation. And it has been so ruled. Edwards v. Kearzey, 96 U. S. 595, 24 L. Ed. 793; Cochran v. Ward, 5 Ind. App. 89, 29 N. E. 795, 7 Ind. App. 354, 31 N. E. 581; Miller v. Wilson, 146 Ill. 523, 94 N. E. 1111, 37 Am. St. Rep. 186; Halloran v. Jacob Schmidt Brewing Co., 137 Minn. 141, 147, 148, 162 N. W. 1082, L. R. A. 1917 E. 777; Allshouse v. Ramsay, 6 Whart. (Pa.) 331, 37 Am. Dec. 417. From whatever point of approach the matter be viewed, the result is the same.

The demurrer must be sustained.