In the Matter of the STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent, v NEW YORK STATE COMMISSIONER OF MENTAL HYGIENE, Respondent, and DOMINICK R. CORIALE, Appellant.

Third Department, October 26, 1978

**APPEARANCES OF COUNSEL**

*Bernardi, Zogby & Golden (Nancy J. Mierzwa* of counsel), for appellant.

*Jerome T. Levy (Eugene M. Laks* of counsel), for State Board for Professional Medical Conduct, respondent.

### OPINION OF THE COURT

MAIN, J.

In this matter, petitioner, State Board for Professional Medical Conduct, made application at Special Term to obtain from the Commissioner of Mental Hygiene records of the Utica Psychiatric Center with regard to the treatment of appellant, Dr. Dominick Coriale, in that institution. Petitioner was seeking to obtain the records by way of court order pursuant to former section 15.13 (subd [c]) of the Mental Hygiene Law (renum § 33.13 [L 1977, ch 978, § 35]) in order to complete its investigation under section 230 of the Public Health Law of complaints concerning the conduct of appellant, a physician licensed to practice medicine in the State of New York. Concluding that there was a compelling public interest in the production of the records, Special Term directed that they be released to the members and staff of petitioner and then stayed enforcement of its order pending this appeal.

The relevant statute being silent as to the criteria to be applied by the court in determining whether such records should be released (see Mental Hygiene Law, § 33.13, subd [c], par 1), the central question presented for our determination is whether Special Term abused its discretion in directing the release of the records in question here (cf. *Matter of Warrington [State of N. Y.],* 303 NY 129). We hold that it did not. Since petitioner has received complaints concerning the conduct of appellant, it is statutorily required to investigate these complaints and make a determination as to whether appellant should be subjected to disciplinary proceedings (Public Health Law, § 230, subd 10, par [a]). Such being the case, it was plainly reasonable for Special Term to conclude that petitioner could not adequately and properly fulfill this responsibility and protect the public interest without access to appellant's records at the Utica Psychiatric Center. Accordingly, the order directing release of the records should be affirmed.

In so ruling, we would point out that the order appealed from was not overly broad in releasing the records to the entire board and its staff. The order conforms to the express statutory language contained in paragraph *1* of subdivision 10 of section 230 of the Public Health Law, and that same

provision of the statute also expressly provides that any information released about a patient shall be confidential. Similarly, it is not relevant to this appeal that appellant has apparently agreed to a stipulation whereby he would admit certain misconduct and at least temporarily surrender his license to practice medicine. Such a stipulation cannot negate petitioner's responsibility and obligation to investigate the complaints against appellant and take appropriate action.

The order should be affirmed, without costs.

KANE, J. P., LARKIN, MIKOLL and HERLIHY, JJ., concur.

Order affirmed, without costs.