In the Matter of THADDEUS J. MURAWSKI, as Executive Secretary of the State of New York.

Fourth Department, January 22, 1982

APPEARANCES OF COUNSEL

*Offermann, Fallon, Mahoney & Cassano (Francis J. Of-fermann, Jr.,* of counsel), for appellant.

*Robert Abrams, Attorney-General (James J. Kennedy* and *William J. Kogan* of counsel), for Thaddeus J. Murawski, respondent.

**OPINION OF THE COURT**

MOULE, J.

The question presented on this appeal is whether the Secretary of the State Board for Professional Medical Conduct (Board) is authorized to subpoena the records of a psychiatrist relating to his treatment of a doctor charged with misconduct.

In December, 1980 Dr. William S., M.D., was charged with various acts of professional misconduct (Education Law, § 6509) including practicing medicine while impaired by drugs for a period of time in 1979-1980 and for being a habitual user of drugs. In November of 1980 the appellant psychiatrist who treated the doctor for several months during the year 1980 was served with a subpoena duces tecum requiring him to appear before the Board and to produce any and all records, documents or other writings

pertaining to the treatment of the doctor which might be relevant to the inquiry of the Board.

The appellant moved to quash the subpoena based, among other grounds, upon a lack of authority on the part of the Board to issue such a subpoena. The motion was denied and the present appeal commenced.

Subdivision 10 of section 230 of the Public Health Law provides in relevant part:

"10. Professional misconduct proceedings shall consist of ***

"(k) The executive secretary of the board with the specific approval of a committee on professional conduct of the board shall have the power to issue subpoenas requiring persons to appear before the board and be examined with reference to a matter within the scope of the inquiry or the investigation being conducted by the board and produce books, papers, records or documents pertaining thereto.

"(l) The board or its representatives may examine and obtain records of patients in any investigation or proceeding by the board acting within the scope of its authorization. Unless expressly waived by the patient, any information so obtained shall be confidential and shall not be disclosed except to the extent necessary for the proper function of the board and New York state board of regents and the name of the patient may not be disclosed by the board or its employees at any stage of the proceedings unless the patient has expressly consented. Any other use or dissemination by any person by any means, unless pursuant to a valid court order or otherwise provided by law, is prohibited."

Subdivision 10 of section 230 of the Public Health Law did not include paragraphs (k) and (l) when originally enacted (Public Health Law, § 230, L 1975, ch 109). During its first year, however, the Board found its efforts to investigate and handle complaints against physicians hampered by its inability to obtain facts necessary for determining whether a case should be noticed for hearing (Bill Jacket to L 1977, ch 773). The purpose of the amendment providing the Board with subpoena power during an investigation was to enable the Board to obtain

records of any disciplinary action taken by hospitals or medical societies "in addition to other records which may be necessary to the successful presentation of facts constituting the alleged misconduct" (Bill Jacket to L 1977, ch 773).

The subpoena power is cloaked in general terms, allowing the Secretary of the Board to subpoena persons to appear and produce records with reference to a matter within the scope of inquiry or investigation (Public Health Law, § 230, subd 10, par [k]). This subpoena power, construed in conjunction with paragraph (*l*) which allows the Board to examine and obtain patient records, is broad enough to encompass the records of the physician-patient under investigation here (see *Matter of State Bd. for Professional Med. Conduct v New York State Comr. of Mental Hygiene,* 64 AD2d 224). The general language of the subpoena power evinces an intent to empower the Board with broad discretion in determining what records are necessary to facilitate an effective investigation and disposition of alleged medical misconduct. Paragraph (*l*) negates any challenge to the Board's authority to obtain patient records by expressly providing for the disclosure of such records while simultaneously protecting their confidentiality.

The appellant maintains that the interpretation of the term "patient" should exclude physician-patients; this interpretation, however, is unduly restrictive. Nothing in the legislative history of the amendment which added paragraphs (k) and (*l*) indicates that the term "patient" should be limited in such a manner (see Bill Jacket to L 1977, ch 773). General terms may not be limited by judicial construction but must be given their commonly understood meaning (*People v Cruz,* 48 NY2d 419, app dsmd 446 US 901; McKinney's Cons Laws of NY, Statutes, Book 1, § 94). Clearly, the doctor was a recipient of professional treatment so as to fall within the commonly understood meaning of the term "patient" (see *Meyer v Supreme Lodge Knights of Pythias,* 178 NY 63, affd 198 US 508; *Matter of State Bd. for Professional Med. Conduct v New York State Comr. of Mental Hygiene, supra* [wherein "patient" in section 230 (subd 10, par [*l*]) was read to include a doctor under investigation]).

Considering appellant's concern about the confidentiality of these records, we point out that the confidentiality is safeguarded by paragraph (*l*) of subdivision 10 which provides that records of a medical patient will remain confidential except to the extent necessary for the proper function of the Board. This provision insures that the physician-patient privilege embodied in CPLR 4504 is protected (Bill Jacket to L 1977, ch 773). The privilege remains intact except to the extent necessary for the implementation of this sound State policy (see *Schachter v Whalen,* 581 F2d 35).

We have considered the appellant's contention that the records subpoenaed are not relevant and find it to be without merit (see *Matter of State of New York — Office of Mental Retardation & Dev. Disabilities v Mastracci,* 77 AD2d 473).

The order appealed from should be affirmed.

DILLON, P. J., HANCOCK, JR., CALLAHAN and DOERR, JJ., concur.

Order unanimously affirmed, without costs.