■ In the Matter of NICHOLAS T. FORBES, Appellant, v PARK RIDGE MENTAL HEALTH CENTER, Respondent.—Order unani-

mously reversed on the law without costs and application granted. Memorandum: Supreme Court abused its discretion in denying petitioner Medical Examiner's application pursuant to Mental Hygiene Law § 33.13 (c) (1) for an order directing respondent to release to the Medical Examiner's Office the psychiatric medical records of decedent. In support of the application, the Medical Examiner affirmed that resolution of the manner of decedent's death was "critically dependent" on the receipt of the requested medical records. He further stated that the records would permit his office to set forth accurately in decedent's death certificate the cause of his death. Because it was the Medical Examiner's statutory responsibility and obligation to determine the manner of decedent's death *(see,* County Law § 671 *et seq.),* the interests of justice significantly outweigh the need for confidentiality, and the records should therefore be released *(see,* Mental Hygiene Law § 33.13 [c] [1]; *Matter of Warrington [State of New York],* 303 NY 129; *Matter of State Bd. for Professional Med. Conduct v New York State Commr. of Mental Hygiene,* 64 AD2d 224). (Appeal from Order of Supreme Court, Monroe County, Willis, J.—Discovery.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.